Scott Maurer, C.S.B. #180830
Jennifer Griffith, C.L.S. #19001
KATHARINE & GEORGE ALEXANDER
COMMUNITY LAW CENTER
1030 The Alameda
San Jose CA 95126
(408) 288-7030 – Tel.
(408) 288-3581 – Fax

William E. Kennedy, C.S.B. #158214
LAW OFFICES OF WILLIAM E. KENNEDY
2797 Park Ave #201
Santa Clara, CA 95050
(408) 241-1000 – Tel.
(408) 241-1500 – Fax

Attorneys for Plaintiff Eliseo Navarrette
and others similarly situated

FILED

2007 MAY 25 P 2: 54

RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA. S.J.

#99
Fees Pd
SI

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

C07 02767 HRL

| | |
|---|---|
| ELISEO NAVARRETTE, on behalf of himself and all others similarly situated,<br><br>    Plaintiff,<br>vs.<br><br>TD BANKNORTH, N.A,<br><br>    Defendant. | Case No.: _____<br><br>**CLASS ACTION COMPLAINT:**<br>**VIOLATIONS OF TRUTH IN LENDING ACT**<br><br>**INDIVIDUAL ACTIONS: VIOLATIONS OF**<br>**CONSUMER LEGAL REMEDIES ACT**<br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1. ELISEO NAVARRETTE (hereinafter "Mr. NAVARRETTE") is a 75 year old retired construction worker who purchased a bed from Craftmatic of California, financed by defendant TD BANKNORTH (hereinafter "defendant"). When TD BANKNORTH

established a Shoppers Charge Account credit line with Mr. NAVARRETTE, it failed to provide the closed-end disclosures required by the Truth in Lending Act (TILA). Instead, TD BANKNORTH provided "open-end" disclosures. Open-end disclosures are only appropriate with a revolving line of credit where the creditor has a reasonable expectation of repeated transactions, such as with a Visa or MasterCard credit card. See Reg. Z § 226.2 (a)(20)(i). By fashioning the credit as open-ended, TD BANKNORTH sought to avoid the more stringent disclosures which must be made for closed-end credit under TILA. Those disclosures include the dates of scheduled payments, the dollar amount of the finance charge, the total of payments, and the total sales price. Mr. NAVARRETTE was therefore deprived of the informed use of credit and TD BANKNORTH was able to profit by avoiding the resistance that would likely be encountered if the disclosures required by law were actually made. For instance, Mr. NAVARRETTE should have been informed that if he made steady payments equal to his first monthly payment, it would take him five years to pay off the account, and he would pay over $1,100 in finance charges. The credit issued by TD BANKNORTH is spurious open-end credit; that is, the "revolving" nature of the credit is illusory. The credit is only used to make a one-time purchase.

The following paragraphs are alleged on information and belief: 6, 7 ,12, 23-27, 29, 30, 35, 36, & 39.

## JURISDICTION AND VENUE

2.  Jurisdiction is proper in the Federal District Court of Northern California pursuant to 28 U.S.C. 1331, on the basis that the defendant by an act or omission violated federal law.

3.  Venue is proper in Federal District Court of Northern California pursuant to 28 U.S.C. 1391, because this is the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.

//
//
//

## PARTIES

4. Plaintiff ELISEO NAVARRETTE brings this action to challenge defendant's practices in connection with the financing of Craftmatic beds.

5. Mr. NAVARRETTE is a natural person, residing at all relevant times in Santa Clara County, California. He is a "consumer" as defined in 15 U.S.C §1602(h).

6. TD BANKNORTH is a United States-based commercial banking business with services including credit cards and lines of credit. Shoppers Charge Account is a division of TD BANKNORTH, N.A.

7. TD BANKNORTH is a "creditor" as defined in 15 U.S.C. §1602(f).

8. TD BANKNORTH intended to and did participate in the events, acts, practices, and courses of conduct alleged herein, and was a proximate cause of damage and injury thereby to plaintiffs as alleged herein.

9. TD BANKNORTH is subject to all the claims and defenses Mr. NAVARETTE could assert against Craftmatic pursuant to the following provision of the credit contract between Mr. NAVARETTE and TD BANKNORTH:

> "ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER."

## FACTS RELATING TO MR. NAVARRETTE

10. On August 21, 2006, Ms. Joyce Genho, a Craftmatic salesperson, visited Mr. NAVARRETTE in his home in order to sell him a Craftmatic bed.

11. Mr. NAVARRETTE informed Ms. Genho that he could not afford the bed. Ms. Genho told Mr. NAVARRETTE that the beds normally sold for $4,400.00, but that she might be able to get a special deal for him. She then purported to call her supervisor and purportedly received a special authorization to sell the bed to Mr. NAVARRETTE for $1,700.00.

12. In fact, the price quoted by Ms. Genho to Mr. NAVARRETTE was an inflated price that consumers never actually paid. Craftmatic regularly quotes inflated prices initially so that

consumers will believe they are being presented with a deal they can't refuse when the salesperson reduced the "regular price" by 50-75%.

13. Ms. Genho suggested that Mr. NAVARRETTE finance the bed for $45.00 per month.

14. Mr. NAVARRETTE agreed to make a one-time purchase of the bed from Craftmatic and pay $45.00 per month.

15. Mr. NAVARRETTE purchased the bed primarily for personal, family and household purposes.

16. Ms. Genho provided Mr. NAVARRETTE with a Craftmatic of California sales agreement and a sales receipt.

17. Ms. Genho told Mr. NAVARRETTE if for any reason he was not happy, he would be able to return the bed and his contract would be null and void.

18. On August 26, 2006 Mr. NAVARRETTE told the delivery person that he was not happy with the bed, and did not want it. Craftmatic has refused to accept cancellation and has continued to represent to him that he has no right to cancel.

19. On August 31, 2006, Craftmatic of California sent Mr. NAVARRETTE a letter asking NAVARRETTE to confirm his payment method and enclosed a copy of the contract with corrections. NAVARRETTE never returned the corrected contract.

20. TD BANKNORTH, through Shoppers Charge Accounts, began billing Mr. NAVARRETTE for the cost of the Craftmatic bed under the name "Comfort Mobility Credit Line."

21. TD BANKNORTH failed to provide Mr. NAVARRETTE with any information specifying the dollar amount of the finance charge, the total amount of payments, the total sales price, or the schedule of payments.

22. At the time of purchase, Mr. NAVARRETTE was unaware that he was opening a credit card account. At no time did TD BANKNORTH provide Mr. NAVARRETTE with a credit card.

23. TD BANKNORTH could not reasonably contemplate repeat purchases with respect to his account and the accounts of the members of the proposed class.

24. Repeat purchases on the TD BANKNORTH Comfort Mobility Credit Line plan are fewer than initial purchases.

### FACTS WITH RESPECT TO ALL CLASS MEMBERS

25. TD BANKNORTH's regular business practice is to provide only open-end credit disclosures in conjunction with the purchase of a Craftmatic bed.

26. TD BANKNORTH fails to provide the closed end TILA disclosures to all consumers who purchase Craftmatic beds.

27. The credit agreements signed by the proposed class members did not meet the requirements of open-end credit plans under TILA.

### CLASS ACTION ALLEGATIONS

28. Mr. NAVARRETTE brings this class action on behalf of himself and all California residents who:

    a. Opened a credit account with TD BANKNORTH starting one year prior to the date of the filing the complaint and ending on the date of the filing of the complaint;

    b. In conjunction with the purchase of a bed from Craftmatic of California; and

    c. Who did not receive the disclosures required by 15 U.S.C. §1638(a).

29. The proposed class likely consists of several hundred, possibly several thousand, members and is so numerous that joinder is impracticable. The members of the class are readily ascertainable through the records of TD BANKNORTH.

30. Common questions of law and fact exist as to all members of the proposed class and predominate over any questions affecting only individual members of that class. The common questions include, among others, the following:

    a. Whether the defendant failed to provide class members with TILA disclosures as required by 15 U.S.C. §1601 *et. seq.*

    b. Whether defendant reasonably contemplated repeat transactions within the

meaning of TILA.

31. Plaintiff's claim is typical of the claims of each of the proposed class, as all such claims arise out of the extension of credit to purchase a Craftmatic bed.

32. Plaintiff will fairly and adequately protect the interests of the members of the proposed class. Plaintiff has no interest adverse to the class. Additionally, plaintiff has retained counsel experienced in the prosecution of class actions, including consumer class actions. Plaintiff is thus ready, willing and able to fairly and adequately represent the interests of the class.

33. A class action is superior to other available methods for the fair and efficient adjudication of this controversy because the damages suffered by each individual member are relatively small compared to the expense and burden of prosecuting individual cases.

34. If individual members of each class were required to bring separate actions, courts throughout California would be confronted by a multiplicity of lawsuits burdening the court system while also creating the risk of inconsistent rulings and contradictory judgments. In contrast to proceeding on a case-by-case basis, in which inconsistent results will magnify the delay and expense to all parties and the court system, the class action presents fewer management difficulties while providing unitary adjudication, economies of scale and comprehensive supervision by a single court.

35. Many of the members of the proposed class may be unaware of the existence of laws that provide them with protection from the acts described above and therefore may not seek out legal assistance without the classes.

36. The defendant has acted, and refused to act, on grounds generally applicable to the class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the classes as a whole.

## LEGAL CLAIMS

37. This lawsuit contains a class claim and an individual claim. The first cause of action is a class claim under the Federal Truth in Lending Act. The second claim is an individual action based on California's Consumer Legal Remedies Act.

## CLASS CLAIM

### FIRST CAUSE OF ACTION
Violation of the Federal Truth in Lending Act
(15 U.S.C. 1601 *et. seq.*) Brought as a Class Action on Behalf of Plaintiff
And the Proposed Class Against Defendant TD BANKNORTH

38. Plaintiff realleges and incorporates herein by reference the allegations in all other paragraphs.

39. TD BANKNORTH is a "creditor" within the meaning of TILA in that it regularly extends consumer credit which is payable by agreement in more than four installments, includes a finance charge on each credit extension, and enters into hundreds of consumer credit transactions each year.

40. Mr. NAVARRETTE and the proposed class are "consumers" within the meaning of TILA in that they are natural persons to whom credit was extended, and the property which was subject to the transaction was primarily for personal, family or household purposes.

41. The credit extended to named plaintiff by TD BANKNORTH and the proposed class was consumer credit subject to TILA.

42. Defendant TD BANKNORTH violated 15 U.S.C. §1601 *et. seq.* by failing to make closed-end disclosures with respect to the accounts of the named plaintiff and the proposed class.

## INDIVIDUAL CLAIM

### SECOND CAUSE OF ACTION
Violation of the Consumer Legal Remedies Act
(Cal. Civ. Code § 1750 *et. seq.*) Asserted individually on behalf of Plaintiff
Against Defendant TD BANKNORTH

43. Mr. NAVARRETTE realleges and incorporates herein by reference the allegations in all other paragraphs.

44. Mr. NAVARRETTE is a "consumer" within the meaning of Cal. Civ. Code §1761(d) in that he is an individual who acquired goods for personal, family or household purposes.

45. Craftmatic violated California's Consumer Legal Remedies Act (Cal. Civ. Code §1770(a)(14)) by "representing that a transaction confers or involves rights, remedies, or

1  obligations which it does not have or involve, or which are prohibited by law." Craftmatic of
2  California represented that Mr. NAVARRETTE could cancel his contract at any time, yet
3  refused to honor Mr. NAVARRETTE's cancellation.

4      46. Craftmatic further violated California's Consumer Legal Remedies Act (Cal. Civ. Code
5  §1770(a)(13)) by "making false or misleading statements of fact concerning reasons for,
6  existence of, or amounts of price reductions" when Craftmatic salesperson Ms. Joyce Genho
7  quoted Mr. NAVARRETTE an inflated "regular price" for the bed.

8      47. TD Banknorth is subject to all claims Mr. NAVARRETTE could assert directly against
9  Craftmatic pursuant to a clause in the parties' contract, which is set forth in full in paragraph 10
10 above.

11

12                             **PRAYER FOR RELIEF**

13     48. WHEREFORE, the named plaintiff respectfully prays as follows:

14 <u>With respect to the First Cause of Action</u> (Truth in Lending Act)

    a. That this Court award statutory damages to the proposed class;

    b. That this Court award actual damages to Mr. NAVARETTE and the proposed class;

    c. That this Court award attorney's fees and litigation costs and expenses pursuant to 15 U.S.C. §1640(a)(3); and

    d. That this Court award such other and further relief to Mr. NAVARETTE and the proposed class as it deems appropriate.

<u>With respect to the Second Cause of Action</u> (Consumer Legal Remedies Act)

    a. That this Court rescind the consumer credit contract between Mr. NAVARETTE and TD BANKNORTH;

    b. That this Court order TD BANKNORTH to return to Mr. NAVARETTE all monies paid under the consumer credit contract;

    c. That this Court direct TD BANKNORTH to refrain from reporting any negative credit information with respect to the Comfort Mobility Credit Line account;

    d.  That this Court award pre-judgment interest, attorney's fees, costs and expenses to plaintiff pursuant to Cal. Civil Code §1780(d); and

    e.  That this Court award such other and further relief as it deems appropriate.

LAW OFFICES OF WILLIAM E. KENNEDY
ALEXANDER COMMUNITY LAW CENTER

Dated: MAY 25, 2007

_____
Scott Maurer, Attorney for Plaintiff Eliseo Navarrette
and the Members of the Proposed Class

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff ELISEO NAVARRETTE demands a trial by jury in this action.

LAW OFFICES OF WILLIAM E. KENNEDY
ALEXANDER COMMUNITY LAW CENTER

Dated: MAY 25, 2007

_____
Scott Maurer, Attorney for Plaintiff Eliseo Navarrette
and the Members of the Proposed Class