1  MATTHEW G. BALL (SBN No. 208881)
   (matthew.ball.@klgates.com)
2  RACHEL CHATMAN (SBN 206775)
   (rachel.chatman@klgates.com)
3  KIRKPATRICK & LOCKHART PRESTON GATES ELLIS LLP
   55 Second Street, Suite 1700
4  San Francisco, California  94105-3493
   Telephone:   (415) 882-8200
5  Facsimile:    (415) 882-8220

6  Attorneys for Defendant
   TD BANKNORTH, N.A.

7

8

9              UNITED STATES DISTRICT COURT

10        FOR THE NORTHERN DISTRICT OF CALIFORNIA

11                  SAN JOSE DIVISION

12  ELISEO NAVARETTE, on behalf of himself     Case No. CV 07 02767 JW
    and all others similarly situated,
13                                             TD BANKNORTH, N.A.'S ANSWER TO
                            Plaintiff,         COMPLAINT
14
          v.
15
    TD BANKNORTH, N.A.,
16
                            Defendant.
17

18

19

20

21

22

23

24

25

26

27

28

**ANSWER**

Defendant TD Banknorth, NA, hereby answers Plaintiff's Complaint as follows:

1.      Defendant admits it financed Mr. Navarrette's purchase of a Craftmatic bed from Craftmatic of California through a Shoppers Charge Account credit line, and provided Mr. Navarrette with "open-ended disclosures", i.e., disclosures that complied with the requirements of the Federal Truth in Lending Act and the regulations thereunder for open end consumer credit plans. Defendant denies all other statements in this paragraph.

2.      Defendant admits that jurisdiction is proper in the Northern District of California, but denies the balance of the paragraph.

3.      Defendant admits that venue is proper in the Northern District of California, but denies the balance of the paragraph.

4.      Defendant is without sufficient knowledge or information to admit or deny this paragraph, and therefore denies it.

5.      Defendant is without sufficient knowledge or information to admit or deny this paragraph, and therefore denies it.

6.      Admitted, except the correct name of the division is Shoppers Charge Accounts CO.

7.      Admitted.

8.      Defendant admits it financed Mr. Navarrette's purchase of a Craftmatic bed through a Shoppers Charge Account credit line.  Defendant denies all other statements in this paragraph.

9.      Defendant admits that the quoted clause is contained in the credit card account applications provided in conjunction with initial Craftmatic purchases financed by Defendant during the class period.  In all other respects, this paragraph is denied.

10.     Defendant is without sufficient knowledge or information to admit or deny this paragraph, and therefore denies it.

11.     Defendant is without sufficient knowledge or information to admit or deny this paragraph, and therefore denies it.

12.     Defendant is without sufficient knowledge or information to admit or deny this paragraph, and therefore denies it.

13.    Defendant is without sufficient knowledge or information to admit or deny this paragraph, and therefore denies it.

14.    Defendant is without sufficient knowledge or information to admit or deny this paragraph, and therefore denies it.

15.    Defendant is without sufficient knowledge or information to admit or deny this paragraph, and therefore denies it.

16.    Defendant is without sufficient knowledge or information to admit or deny this paragraph, and therefore denies it.

17.    Defendant is without sufficient knowledge or information to admit or deny this paragraph, and therefore denies it.

18.    Defendant is without sufficient knowledge or information to admit or deny this paragraph, and therefore denies it.

19.    Defendant is without sufficient knowledge or information to admit or deny this paragraph, and therefore denies it.

20.    Admitted, except the correct name of the division is Shoppers Charge Accounts CO.

21.    Admitted.  However, Defendant denies that it was required to provide this information to Mr. Navarrette.

22.    Defendant admits that it did not provide Mr. Navarrette with a credit card.  Defendant is without sufficient knowledge or information to admit or deny the balance of this paragraph, and therefore denies it.

23.    Denied.

24.    This allegation is too vague to admit or deny, and is therefore denied.

25.    Defendant admits that it provided "open-ended disclosures", i.e., disclosures that complied with the requirements of the Federal Truth in Lending Act and the regulations thereunder for open end consumer credit plans, to those it extended credit under the Comfort Mobility Credit Line.  In all other respects, the paragraph is denied.

26.    Defendant admits that it provided "open-ended disclosures", i.e., disclosures that complied with the requirements of the Federal Truth in Lending Act and the regulations thereunder

for open end consumer credit plans, to those it extended credit under the Comfort Mobility Credit Line.  In all other respects, the paragraph is denied.

27.    Denied.

28.    The Complaint and the allegations therein speak for themselves.  To the extent Defendant is required to admit or deny this paragraph, Defendant is without sufficient knowledge or information to admit or deny this paragraph, and therefore denies it.

29.    Defendant admits that there are several hundred people who were provided open-ended disclosures in conjunction with the Comfort Mobility Credit Line during the purported class period, that joinder of all these persons would be impracticable, and that these persons are identifiable through Defendant's records.  In all other respects, this paragraph is denied.

30.    This paragraph constitutes a legal conclusion that Defendant is required neither to admit nor deny.  To the extent Defendant is required to admit or deny this paragraph, Defendant denies it.

31.    Defendant is without sufficient knowledge to admit or deny this paragraph, and therefore denies it.

32.    Defendant is without sufficient knowledge to admit or deny this paragraph, and therefore denies it.

33.    Denied.

34.    Denied.

35.    Defendant is without sufficient knowledge or information to admit or deny this paragraph, and therefore denies it.

36.    Denied.

37.    The Complaint and the allegations therein speak for themselves.

38.    Defendant incorporates herein by reference its response to the paragraphs 1-37.

39.    Admitted.

40.    Defendant is without sufficient knowledge or information to admit or deny this paragraph, and therefore denies it.

41.    Defendant is without sufficient knowledge or information to admit or deny this paragraph, and therefore denies it.

42.    Denied.

43.    Defendant incorporates herein by reference its response to the paragraphs 1-42.

44.    Defendant is without sufficient knowledge or information to admit or deny this paragraph, and therefore denies it.

45.    Defendant is without sufficient knowledge or information to admit or deny this paragraph, and therefore denies it.

46.    Defendant is without sufficient knowledge or information to admit or deny this paragraph, and therefore denies it.

47.    Defendant admits that the clause quoted in paragraph 9 of Plaintiff's Complaint is contained in the credit card account applications provided in conjunction with initial Craftmatic purchases financed by Defendant during the class period.  In all other respects, this paragraph is denied.

48.    Denied.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Any damages were the result of acts or omissions on the part of the Plaintiff or a third party for whose conduct Defendant is not responsible.

### Second Affirmative Defense

The form of disclosure statement about which Plaintiff complains was used in good faith and in conformity with the Board's Official Staff Commentary on Regulation Z.  Therefore, as provided in 15 U.S.C. § 1640(f), Defendant is not liable to Plaintiff.

### Third Affirmative Defense

Defendant gives notice that it intends to rely upon such other and further defenses as may become available during discovery proceedings in this case and hereby reserves its right to amend its Answer and assert such defenses.

1

## **PRAYER**

2      WHEREFORE, Defendant prays as follows:

3      1.      That Plaintiff take nothing by reason of its complaint;

4      2.      That judgment be rendered in favor of Defendant;

5      3.      That Defendant be awarded its costs of suit incurred in defense of this action; and

6      4.      For such other relief as the Court deems proper.

7

8

DATED: August 3, 2007                    KIRKPATRICK & LOCKHART
9                                         PRESTON GATES ELLIS LLP

10

11                                        By_____/s/_____
12                                             Matthew G. Ball
                                               Rachel Chatman
13                                        Attorneys for Defendant
                                          TD BANKNORTH, N.A.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28