Matthew G. Ball (SBN No. 208881)
(matthew.ball@klgates.com)
Rachel Chatman (SBN 206775)
(rachel.chatman@klgates.com)
**KIRKPATRICK & LOCKHART PRESTON GATES ELLIS LLP**
55 Second Street, Suite 1700
San Francisco, CA 94105
Telephone: (415) 882-8200
Facsimile:  (415) 882-8220

Attorneys for Defendant
TD BANKNORTH, N.A.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ELISEO NAVARETTE, on behalf of himself and all others similarly situated,<br><br>    Plaintiff,<br><br>vs.<br><br>TD BANKNORTH, N.A.,<br><br>    Defendant | Case No. CV 07 02767 JW<br><br>**JOINT CASE MANAGEMENT STATEMENT; [PROPOSED] ORDER**<br><br>Date: November 5, 2007<br>Time: 10 a.m.<br>Courtroom: 8<br>Judge: Hon. James Ware<br><br>Complaint Filed: May 25, 2007<br>Trial Date: Not Set |

JOINT CASE MANAGEMENT STATEMENT; [PROPOSED] ORDER
Case No. CV 07 02767 JW

SF-141908 v1

1

On September 25, 2007, counsel for Plaintiff Eliseo Navarrette, on behalf of himself and all others similarly situated, and Defendant TD Banknorth, N.A., completed their discussion of the matters set forth in the Court's Order Setting Case Management Conference and Requiring Joint Case Management Statement, and Rule 26 of the Federal Rules of Civil Procedure. Based on that meeting and subsequent communications, the parties hereby submit this Joint Case Management Statement and Proposed Order.

**1. JURISDICTION AND SERVICE**

This case is a putative class action brought under the Truth in Lending Act, 15 U.S.C. § 1601, et seq. This Court has subject matter jurisdiction. The parties do not anticipate any challenges to this Court's personal jurisdiction. No parties remain to be served.

**2. FACTUAL ISSUES IN DISPUTE**

**A. Brief Factual Summary**

Eliseo Navarrette is a 75 year old retired construction worker who purchased a bed from Craftmatic of California on August 21, 2006. The purchase was financed by TD Banknorth through a program called the "Comfort Mobility Credit Line". The financing disclosures that TD Banknorth made to Mr. Navarrette and the members of the proposed class were consistent with a revolving credit agreement rather than a one-time loan. Mr. Navarrette contends that he and the members of the proposed class were deprived of important information regarding the credit program (such as the dollar amount of the finance charges) as a result. TD Banknorth contends that it reasonably contemplated repeated transactions with respect to the credit program and that it correctly made open-end disclosures to Mr. Navarrette and the members of the putative class. TD Banknorth denies that it is responsible for the actions of Craftmatic.

**B. Disputed Facts**

Due to the procedural status of this matter, the following may not be a complete list of issues in dispute.

Eliseo Navarrette contends, and TD Banknorth disputes, that:

JOINT CASE MANAGEMENT STATEMENT; [PROPOSED] ORDER
Case No. CV 07 02767 JW

2

(1) TD Banknorth never had any basis upon which to reasonably contemplate repeated transactions with respect to the Comfort Mobility Credit Line plan;

(2) The amount of credit purportedly available to the proposed class members under the Comfort Mobility Credit Line plan was never actually disclosed to the proposed class members;

(3) Craftmatic provided Mr. Navarrette with oral and written assurances of his right to cancel the purchase of the bed, and Mr. Navarrette in fact did cancel the purchase; and,

(4) TD Banknorth is subject to all claims that Mr. Navarrette could assert against Craftmatic pursuant to the contract between the parties.

TD Banknorth contends, and Eliseo Navarrette disputes, that:

(1) TD Banknorth reasonably contemplated further transactions through the Comfort Mobility Credit Line;

(2) The amount of credit extended to the class members under the Comfort Mobility Credit Line was generally made available to class members as the class members repaid their balances;

(3) Mr. Navarrette's allegations in the complaint concerning the actions of Craftmatic are incorrect; and

(4) Neither Mr. Navarrette nor any individual class member suffered any actual damages from the alleged TILA violation.

**3.    LEGAL ISSUES IN DISPUTE**

Due to the procedural status of this matter, the following may not be a complete list of issues in dispute.

Eliseo Navarrette believes that the principal disputed legal issue will be whether TD Banknorth was required to provide closed-end TILA disclosures to the class in conjunction with its Comfort Mobility Credit Line program.

TD Banknorth currently believes that the principal disputed legal issues will be whether:

JOINT CASE MANAGEMENT STATEMENT; [PROPOSED] ORDER
Case No. CV 07 02767 JW

3

   (1) TD Banknorth was required to provide closed-end TILA disclosures to the class in conjunction with its Comfort Mobility Credit Line;

   (2) Common issues predominate over individual issues;

   (3) Mr. Navarrette's claims are typical of the class;

   (4) Mr. Navarrette and/or Plaintiffs' counsel are adequate representatives for the class;

   (5) A class action is a superior method of resolving this controversy;

   (6) The class action is manageable;

   (7) TD Banknorth is responsible for Craftmatic's purported conduct as alleged in the Complaint;

   (8) Mr. Navarrette is a "consumer" for purposes of TILA and the CLRA;

   (9) TD Banknorth's disclosures as to the Comfort Mobility Credit Line met the standards for open-ended disclosures under TILA;

   (10) Craftmatic's conduct as alleged in the complaint relating to the "price reduction" is prohibited by the Consumer Legal Remedies Act;

   (11) The CLRA entitles Mr. Navarrette to the remedies which he claims, assuming he proves a violation;

   (12) If TD Banknorth is found to have TILA liability, the penalty should be minimal because Plaintiffs have pled a technical violation at best.

 Defendant may raise some or all of these issues, as well as additional issues identified in discovery, by way of a dispositive motion.

**4.** **MOTIONS**

 There has been no motion practice to date.  Plaintiff intends to move for class certification on or before March 7, 2008.   If a class is certified, Plaintiff anticipates filing a motion to approve the form and manner of class notice.  Plaintiff also plans to file a motion for partial summary adjudication with respect to defendant's affirmative defenses after the close of discovery.  TD Banknorth anticipates filing a motion for summary judgment after the close of discovery.

**5.    AMENDMENT OF PLEADINGS**

Eliseo Navarrette does not intend to amend his complaint at this time.

TD Banknorth at this point does not anticipate amending its pleadings.

**6.    EVIDENCE PRESERVATION**

Plaintiff's attorneys have already collected and will preserve copies of all documents related to this action.

Shortly after receiving notice of this litigation, TD Banknorth issued appropriate hold notices to appropriate personnel to preserve evidence relevant to the issues reasonably evident in this action.

**7.    DISCLOSURES**

Plaintiff served his initial disclosures on August 21, 2007. Defendant served its initial disclosures on October 10, 2007. Neither Plaintiff nor Defendant has provided copies of the documents referenced in the initial disclosures.

**8.    DISCOVERY**

Plaintiff served an initial set of written discovery requests on October 23, 2007.

Plaintiff does not believe it would be necessary or appropriate for the court to issue orders limiting or staging discovery at this point. At this time Plaintiff has not sought to identify any members of the class. Plaintiff contends that it is premature to consider a protective order on the issue at this time.

TD Banknorth believes that Plaintiff's pre-certification discovery should be limited to class certification issues. See Mantolete v. Bolger, 767 F.2d 1416, 1424 (9th Cir. 1985). Identities of class members should not be discoverable unless the class is ultimately certified. See Hatch v. Reliance Ins. Co., 758 F.2d 409 (9th Cir. 1985). TD Banknorth will be seeking a protective order on this issue.

Plaintiff anticipates taking further discovery primarily on the following topics: (1) facts relevant to the reasonableness of TD Banknorth's expectations of repeated transactions with respect to the Comfort Mobility Credit Line; (2) the frequency and persistence of failures of compliance (with TILA) by the creditor, the resources of the creditor, the number of persons adversely affected,

and the extent to which the creditor's failure of compliance was intentional; and (3) facts purporting to support TD Banknorth's affirmative defenses.

TD Banknorth anticipates taking discovery on the following topics: (1) Mr. Navarrette's ability to serve as class representative; (2) Mr. Navarrette's transaction with Craftmatic; and (3) the allegations in the pleadings.

The parties have met and conferred regarding discovery planning and disagree as to whether the parties will utilize written and oral discovery limits provided under the Federal Rules of Civil Procedure.

Plaintiff's Position

Plaintiff believes that the court's case management order <u>should</u> relieve the parties from F.R.Civ.P. 33(a)'s limit of 25 interrogatories per party. Such a limit is extremely constraining in the context of a class action. Absent relief in the case management order, Plaintiff will likely have to file a motion for relief from the limit. The court can and should preempt this looming discovery dispute by issuing an order allowing each party to serve up to 40 interrogatories without leave of the court.

Defendant's Position

TD Banknorth believes that the 25-interrogatory limit found in Federal Rule of Civil Procedure 33 will suffice for the needs of this case. TD Banknorth suggests that this Court issue an order preserving the 25-interrogatory limit. If Plaintiff exhausts his 25-interrogatory limit, the parties can meet and confer to determine whether additional interrogatories are necessary. If the parties cannot agree, Plaintiff can seek to have the Court resolve the issue at that time.

Because this case was filed after December 1, 2006, pursuant to rule 26(f)(3), the parties have also met and conferred to develop a protocol for the preservation, collection and production of electronic data. Both parties have represented that all relevant, non-privileged electronic data has been preserved and have agreed that such data will be produced in hard copy format, but also that each party would have the option of propounding specific requests for data in electronic format.

JOINT CASE MANAGEMENT STATEMENT; [PROPOSED] ORDER
Case No. CV 07 02767 JW

6

12810859.4.LITIGATION 10/25/2007 2:11 PM

**9.   CLASS ACTIONS**

<u>Civil Local Rule 16(b)(1)</u>:   Plaintiff intends to seek class certification under FRCivP 23(b)(3).

<u>Civil Local Rule 16(b)(2)</u>:   At this time, Plaintiff intends to seek certification of a class defined as follows:

"All California residents who:

    a. Opened a credit account with TD BANKNORTH starting one year prior to the date of the filing the complaint and ending on the date of the filing of the complaint;

    b. In conjunction with the purchase of a bed from Craftmatic of California; and

    c. Who did not receive the disclosures required by 15 U.S.C. §1638(a)."

<u>Civil Local Rule 16(b)(3)</u>:   Plaintiff contends that the following facts indicate that the case can be maintained as a class action:

Mr. Navarrette's claims are typical of those of the proposed class, and Mr. Navarrette has no interests in conflict with the proposed class. Common issues predominate here; specifically, the issue of whether or not TD Banknorth reasonably contemplated repeated transactions with respect to the credit plan will likely establish its liability or lack thereof with respect to the entire class. Plaintiff has retained counsel who are experienced in litigating class actions in general and TILA class actions in particular. Plaintiff is currently conducting discovery to establish facts relevant to numerosity.

<u>Civil Local Rule 16(b)(4)</u>:   Plaintiff proposes a hearing on class certification on or before April 11, 2008.

**10.   RELATED CASES**

The parties represent that there are no related cases.

**11.   RELIEF SOUGHT**

Eliseo Navarrette seeks rescission of his underlying contract for the purchase of the bed. He also seeks actual and statutory damages for the class.

**12.    SETTLEMENT AND ADR**

There have been no ADR efforts to date.  The parties have executed the required Stipulation and Proposed Order Regarding ADR Process, and have selected court-sponsored mediation.  The parties have agreed to hold the mediation on February 13, 2007.

The parties believe that the prospects for settlement will become clearer once certain discovery is taken.  Plaintiff believes that the following discovery will be helpful for settlement:  The number, timing and dollar amount of any repeat transactions under the credit plan.  TD Banknorth believes that taking the deposition of named plaintiff Eliseo Navarrette will be helpful for settlement.

**13.    CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

On July 31, 2007, TD Banknorth filed a declination to proceed before a magistrate judge for all purposes.

**14.    OTHER REFERENCES**

The parties do not believe that this case is suitable for assignment to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15.    NARROWING OF ISSUES**

The parties believe that this case presents relatively simple issues, and that alternative procedures are not necessary to narrow the issues further.  However, the parties anticipate that many facts, including but not limited to the authenticity and admissibility of key documents, can be stipulated to in advance of trial and thus conserve the parties' and the court's resources.

**16.    EXPEDITED SCHEDULE**

The parties do not believe that this is the type of case that should be handled on an expedited basis with streamlined procedures.

**17.    SCHEDULING**

Plaintiff believes that it would be premature to set a trial date or to set discovery cutoff dates at this time, since it is not known and cannot be known:

1 • whether a class will be certified

2 • whether, if a class is certified, the parties can agree on the form and manner of notice, or whether class notice will be the subject of a contested motion. In plaintiff's view, the Court's scheduling order should address only the 'Last Day to Join Parties and Amend Pleadings' and 'File Class Certification Motion' items below. However, if the court is inclined to schedule all dates, Plaintiff proposes the following dates, which assume that a class will be certified. Plaintiff acknowledges that the dates can be substantially advanced if no class is certified.

| Event | Date |
| --- | --- |
| Last Day to Join Parties and Amend Pleadings: | Plaintiff's Proposal: March 3, 2008 |
| | Defendant's Proposal: November 30, 2007 |
| File Class Certification Motion | March 7, 2008 |
| Percipient Discovery Cutoff: | August 29, 2008 |
| Initial Expert Designation/Report: | October 31, 2008 |
| Rebuttal Expert Designation/Report: | January 16, 2009 |
| Expert Discovery Cutoff: | March 2, 2009 |
| Last Day to File Dispositive Motions: | April 1, 2009 |
| Last Day for Hearing on Dispositive Motions: | June 5, 2009 |
| Pre-Trial Conference: | July 1, 2009 |
| Trial: | September 1, 2009 |

JOINT CASE MANAGEMENT STATEMENT; [PROPOSED] ORDER
Case No. CV 07 02767 JW

9

12810859.4.LITIGATION 10/25/2007 2:11 PM

**18.     TRIAL**

This matter may be tried to a jury. The parties estimate that the trial will last between 5 and 10 days depending on the result of any motion for summary judgment.

**19.     DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

Both parties have filed the Certification of Interested Entities or Persons required by Civil Local Rule 3-16.

Plaintiff's certification provided as follows: "Pursuant to Civil Local Rule 3-16, the undersigned certifies that the Plaintiff is unaware of any other entity who has either (i) a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding."

Defendant's certification provided as follows: "Pursuant to Civil Local Rule 3-16, the undersigned certifies that the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities have either (i) a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding: 1. TD Banknorth, N.A., a wholly-owned subsidiary of TD Banknorth Inc., a Delaware corporation; 2. TD Banknorth Inc., a wholly owned subsidiary of TD US P & C Holdings, ULC (Alberta, Canada); and, 3. TD US P & C Holdings, ULC, a wholly-owned subsidiary of The Toronto-Dominion Bank (Ontario, Canada)."

**20.     OTHER MATTERS**

The parties do not wish to address any other matters in this Joint CMC Statement.

|   |   |   |
|---|---|---|
|   |   | LAW OFFICES OF WILLIAM E. KENNEDY |
|   |   | KATHARINE & GEORGE ALEXANDER COMMUNITY LAW CENTER |
| Dated: October _25__, 2007 | By: | /s/ |
|   |   | Scott Maurer (SBN No. 180830) (smaurer@scu.edu) Attorneys for Plaintiff ELISEO NAVARRETTE and the members of the proposed class |
|   |   | KIRKPATRICK & LOCKHART PRESTON GATES ELLIS LLP |
| Dated: October _25__, 2007 | By: | /s/ |
|   |   | Matthew G. Ball (SBN No. 208881) (matthew.ball.@klgates.com) Rachel Chatman (SBN 206775) (rachel.chatman@klgates.com) Attorneys for Defendant TD BANKNORTH, NA |

## CASE MANAGEMENT ORDER

The Case Management Statement and Proposed Order is hereby adopted by the Court as the Case Management Order for the case and the parties are ordered to comply with this Order.

Dated: _____        _____
                                                                         The Honorable James Ware

JOINT CASE MANAGEMENT STATEMENT; [PROPOSED] ORDER
Case No. CV 07 02767 JW

12810859.4.LITIGATION 10/25/2007 2:11 PM