1    Scott Maurer, C.S.B. #180830
      Michael Gorman, C.L.S. #20218
2    KATHARINE & GEORGE ALEXANDER
      COMMUNITY LAW CENTER
3    1030 The Alameda
      San Jose, California 95126
4    Telephone: (408) 288-7030
      Facsimile: (408) 288-3581
5

6    William E. Kennedy, C.S.B. #158214
      LAW OFFICES OF WILLIAM E. KENNEDY
7    2797 Park Ave #201
      Santa Clara, CA 95050
8    (408) 241-1000 – Tel.
      (408) 241-1500 – Fax

9    Eric W. Wright, C.S.B. #41197
      19910 Wright Drive
10   Los Gatos, CA 95033
      Phone:      (408) 554-4353
11   Fax:     (408) 554-4426

12   Attorneys for Plaintiff Eliseo Navarrette
      and others similarly situated
13

14

15                UNITED STATES DISTRICT COURT
16       FOR THE NORTHERN DISTRICT OF CALIFORNIA
                     SAN JOSE DIVISION
17

18

| | |
|---|---|
| | Case No.: C-07-02767 JW |
| ELISEO NAVARRETTE, on behalf of himself and all others similarly situated, | POINTS AND AUTHORITIES IN SUPPORT OF APPLICATION FOR AN ORDER (1) CONDITIONALLY CERTIFYING A SETTLEMENT CLASS; (2) GRANTING |
| Plaintiff, | PRELIMINARY APPROVAL OF |
| vs. | SETTLEMENT AGREEMENT; (3) REQUIRING DEFENDANT TO RELEASE THE |
| TD BANKNORTH, N.A, | NAMES AND ADDRESSES OF THE CLASS MEMBERS; (4) PROVIDING FOR THE |
| Defendant | DISTRIBUTION OF CLASS NOTICE; AND, (5) SETTING A HEARING FOR FINAL APPROVAL |
| | Date:     April 28 , 2008 |
| | Time:     9:00 a.m. |
| | Dept.:    Hon. James Ware |

1

## I.    INTRODUCTION

Pursuant to Rules 23(b)(3) and (e) of the Federal Rules of Civil Procedure, plaintiff Eliseo Navarrette, on behalf of himself and the class he represents, hereby petitions for certification of a Rule 23(b)(3) settlement class and requests this Court's preliminary approval of a Settlement Agreement (attached hereto as Exhibit A) of the above-captioned class action. Pursuant to the Settlement Agreement, ¶4.01[1], Plaintiff has provided a copy of this application to defense counsel for review, comment, and approval prior to filing, and it is unopposed.

As discussed below, the proposed Settlement, including the Class Notice, satisfies all of the criteria for preliminary settlement approval. Moreover, the proposed Settlement Class is appropriate for conditional certification under Federal Rules of Civil Procedure, Rule 23(b)(3). Accordingly, plaintiffs move the Court to conditionally certify the proposed Settlement Class, grant preliminary approval of the Settlement, direct distribution of notice to the Class, and schedule a final approval hearing.

## II.    FACTUAL AND PROCEDURAL BACKGROUND

On May 25, 2007, Eliseo Navarrette initiated the Action against TD Banknorth. The Action asserted class-wide violations of the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.*; as well as an individual claim for a violation of the California Consumers Legal Remedies Act, Civil Code §1750 *et seq.*

TD Banknorth denies the material allegations made in the Action and denies any and all liability with respect to any and all facts and claims alleged in the Action and further denies that the Representative Plaintiff and/or the Settlement Class have suffered any damage, or are entitled to any recovery. TD Banknorth filed and served an Answer denying liability and contesting all claims alleged in the Action.

Counsel have conducted an extensive investigation into the facts and law relating to the Action. In particular, Plaintiff's Counsel have fully analyzed and evaluated the merits of all Parties' contentions as they affect all Parties, including the individual members of the Settlement

---

[1]Paragraph (¶) references are indexed to the Settlement Agreement (Exhibit A hereto) unless otherwise noted.

1  Class. The investigation included the exchange of information pursuant to formal and informal

2  discovery and a court-sponsored settlement conference. Plaintiff's Counsel also investigated the

3  applicable law as applied to the facts discovered regarding the alleged claims and potential

4  defenses, and any possible damages. After taking into account the foregoing Plaintiff's counsel

5  are satisfied that the terms and conditions of this Agreement are fair, reasonable, adequate and

6  equitable, and that a settlement of the Action is in the best interests of the Representative

7  Plaintiff and the Settlement Class. Declarations of William E. Kennedy and Scott Maurer, ¶ 2.

8

9  **III.  SUMMARY OF SETTLEMENT TERMS**

10        The Settlement Agreement provides that a Settlement Class should be certified by the

11  court, and plaintiffs' counsel shall be appointed to serve the Settlement Class. ¶3.01. The class

12  will be defined as all residents of the United States who opened a Comfort Mobility Credit Line

13  account with TD Banknorth and/or Shoppers Charge Accounts Co. in connection with a purchase

14  from any Craftmatic Entity between May 25, 2006 and February 13, 2008, including, without

15  limitation, all co-borrowers. ¶1.17. The parties further agree to terms summarized as follows:

16        **A.    CLASS RELIEF**

17        According to the records of TD Banknorth, there are 2,465 accounts held by members of

18  the Settlement Class. ¶3.03. Settlement Class Members will share a payment of $592,536.70

19  (the "Class Settlement Funds"), to be divided by the number of accounts and reduced per capita

20  by the amount of opt outs. On or before the Distribution Date, the Class Administrator will issue

21  a check for each account's share, approximately $239, to Settlement Class Members. The checks

22  will only be negotiable for 90 days, and will bear a legend indicating so. The Class

23  Administrator will provide an declaration confirming the mailing of the Settlement Checks,

24  which Plaintiff's counsel will file with the Court. ¶3.03.

25        **B.    INCENTIVE AWARD**

26        The named Plaintiff will receive $5000 in consideration of his individual claim and as an

27  incentive award. TD Banknorth shall also, within twenty days of the Distribution Date, notify

28  Experian, Equifax, Trans Union, and any other credit reporting agency to which it has provided

information concerning the named Plaintiff, to mark Plaintiff's credit as "closed account and paid" or have it cleared from his credit history. TD Banknorth also agrees to refrain from reporting any information concerning the named Plaintiff to any credit reporting agency in the future concerning the Comfort Mobility Credit Line account. ¶3.08.

**C.    CY PRES**

Undistributed Class Settlement Funds will be used as *cy pres* as follows to these non-profit organizations, upon approval by the court:  (1) Watsonville Law Center (50%); (2) Community Legal Services in East Palo Alto (50%). These *cy pres* funds will be sent by first class mail to class counsel at the Alexander Community Law Center 115 days after the date the last settlement check is mailed by the Class Administrator. Thereafter the Class Administrator may close the account. The parties are prepared to submit further materials demonstrating the activities of the proposed recipients for approval at the time of the final hearing in this matter. ¶3.06.

**D.    ATTORNEYS' FEES**

The Settlement Agreement provides that plaintiffs' counsel may submit an application seeking recovery of reasonable attorneys' fees, costs and expenses of no more than $50,000. TD Banknorth shall not oppose any application by Plaintiff's Counsel for reasonable attorney's fees and costs; this is separate from, and additional to, the payments to the Class. The attorneys' fees, costs and expenses awarded by the Court shall be paid by TD Banknorth on the Distribution Date through a check made out to "KGACLC Trust" and delivered to the Alexander Community Law Center. ¶3.07. Plaintiffs will submit Points and Authorities, along with supporting declarations at the time of the final hearing in this matter. The fees were negotiated apart from the relief to the class and in no way diminished or affected the substantive aspects of the settlement. Declaration of Michael Gorman, ¶ 2.

**E.    COSTS OF NOTICE AND ADMINISTRATION**

TD Banknorth will bear the costs of notice and administration. ¶3.09. Rosenthal & Company at 300 Bel Marin Keys Blvd # 200 Novato, CA 94949 will serve as the Class Administrator.

1    All of the settlement terms are, of course, subject to the approval of this Court. In the event the

2    settlement is not approved, the entire Settlement Agreement shall be null and void, and the

3    parties will proceed to trial and judgment.

4

5    **IV.    ESTABLISHED LAW SUPPORTS PRELIMINARY APPROVAL OF THIS SETTLEMENT**

6         **A.    LEGAL STANDARDS**

7              The law favors settlement, particularly in class actions and other complex cases where

8    substantial resources can be conserved by avoiding the time, cost, and rigors of formal litigation.

9    See, 4 *Newberg on Class Actions* (4th ed. 2002) § 11.41 (and cases cited therein); *Van*

10   *Bronkhorst v. Safeco Corp.*, 529 F.2d 943, 950 (9th Cir. 1976). Judicial proceedings under Rule

11   23 have led to a defined procedure and specific criteria for settlement approval in class action

12   settlements, described in the *Manual for Complex Litigation, Third* (Fed. Judicial Center 1995)

13   ("*Manual*") § 30.41. The *Manual*'s settlement approval procedure describes three distinct steps:

14          (1)    Preliminary approval of the proposed settlement at an informal hearing;

15          (2)    Dissemination of mailed and/or published notice of the settlement to all affected

16                 Class members; and

17          (3)    A "formal fairness hearing," or final settlement approval hearing, at which Class

18                 members may be heard regarding the settlement, and at which evidence and

19                 argument concerning the fairness, adequacy, and reasonableness of the settlement

20                 may be presented. *Manual*, 30.41.

21   This procedure, commonly used by Federal courts and endorsed by the leading class action

22   commentator, Herbert Newberg, safeguards class members' procedural due process rights and

23   enables the Court to fulfill its role as the guardian of class interests. See, *Newberg* § 11.22, *et*

24   *seq.*

25          The purpose of the preliminary evaluation of class action settlements is to determine only

26   whether the proposed settlement is within the range of possible approval, and thus whether notice

27   to the class of the settlement terms and conditions and the scheduling of a formal fairness hearing

28   is worthwhile. 4 *Newberg* § 11.25. To grant preliminary approval of this class action settlement,

the court need find only that the settlement falls within the range of possible final approval, also described as "the range of reasonableness." *In re Traffic Exec. Ass'n*, 627 F.2d 631, 633 34 (2d Cir. 1980); see also 4 *Newberg* § 11.25. The *Manual* characterizes the preliminary approval stage as an "initial assessment" of the fairness of the proposed settlement made by the Court on the basis of written submissions and informal presentation from the settling parties. The *Manual* summarizes the preliminary approval criteria as follows:

> If the preliminary evaluation of the proposed settlement does not disclose grounds to doubt its fairness or other obvious deficiencies, such as unduly preferential treatment of class representatives or of segments of the class, or excessive compensation for attorneys, and appears to fall within the range of possible approval, the court should direct that notice . . . be given to the class members of a formal fairness hearing, at which arguments and evidence may be presented in support of and in opposition to the settlement. *Manual*, § 30.41; see also 4 *Newberg*, § 11.25.

As shown below, the proposed Settlement falls well within the range of reasonableness.

## B.    CONDITIONAL CERTIFICATION OF THE CLASS IS APPROPRIATE

Plaintiffs further request that the Court conditionally certify the proposed Settlement Class, defined as follows in accordance with the Settlement Agreement ¶1.17. That is,

> All residents of the United States who opened a Comfort Mobility Credit Line account with TD Banknorth and/or Shoppers Charge Accounts Co. in connection with a purchase from any Craftmatic Entity between May 25, 2006 and February 13, 2008, including, without limitation, all co-borrowers.

Conditional class certification is appropriate at the preliminary approval stage where, as here, the proposed Settlement Class as it is defined in the parties' Settlement Agreement has not previously been certified by the Court and the requirements for certification are met. 4 *Newberg* § 11.22. The purpose of conditional class certification is to facilitate distribution to all Settlement Class members of notice of the terms of the proposed Settlement and the date and time of the final approval hearing. See *Manual* § 30.41. Neither formal notice nor a hearing is required for the Court to grant conditional class certification; instead, the Court may grant such relief upon an informal application by the settling parties and may conduct any necessary hearing in court or in chambers, at the Court's discretion. *Manual* § 30.41.

1       The Federal Rules of Civil Procedure have established several requirements for obtaining

2   class certification: numerosity, typicality of the class representatives' claims, adequacy of

3   representation, predominance of common issues, and superiority. Fed. R. Civ. P. 23(a); *Hanlon*

4   *v. Chrysler Corp.*, 150 F.3d 1011 at 1019. All of the requirements of certification for settlement

5   purposes are met for this proposed Class.

6       With approximately 2,465 accounts, the class is sufficiently numerous that joinder of all

7   members would be impracticable. *Gay v. Waiters' & Dairy Lunchmen's Union* (N.D. Cal. 1980)

8   489 F.Supp. 282, aff'd (9th Cir. 1982) 694 F.2d 531; Fed. R. Civ. P. 23(a)(1).

9   The commonality requirement is met if there are questions of law and fact common to the class.

10  *Hanlon, supra*, 150 F.3d at 1019 ("The existence of shared legal issues with divergent legal

11  factual predicates is sufficient, as is a common core of salient facts couple with disparate legal

12  remedies within the class"). Here, the proposed Class Members' claims flow from a common

13  issue: whether or not defendants' failure to provide the closed-end disclosures required by 15

14  U.S.C. §1638 violates the Federal Truth in Lending Act (TILA). Under these circumstances, the

15  commonality requirement is satisfied. *Id.* at 1019-20. FRCP Rule 23(a)(2).

16      Similarly, the typicality requirement is met if the claims of the named representatives are

17  typical of those of the class, though "they need not be substantially identical." See *Hanlon*,

18  *supra*, 150 F.3d at 1020. The claims of the named representatives in this case are typical of the

19  claims of the whole Class because they arise from the same factual basis and are based on the

20  same legal theory as those applicable to the class members. See *Wehner v. Syntex Corp.* (N.D.

21  Cal. 1987) 117 F.R.D. 641, 644. Factual differences may exist between the class representatives

22  and the class members so long as the claims arise from the same events or course of conduct and

23  are based on the same legal theories. *Hanlon, supra*, 150 F.3d at 1020; see also *Wehner, supra*

24  117 F.R.D. at 644. The representatives and the proposed Class Members claim that defendants

25  engaged in unfair lending practices. The Class Members' claims arise from the same set of facts

26  and same legal theories. The typicality requirement, therefore, is also satisfied. Fed. R. Civ. P.

27  23(a)(3).

28      The adequacy requirement is met if the named representatives and their counsel have no

1    interests adverse to the interests of the proposed class members and are committed to vigorously

2    prosecuting the case on behalf of the class. *Id.* 23(a)(4); *Hanlon, supra,* 150 F.3d at 1020;

3    *McGhee v. Bank of America* (1976) 60 Cal.App.3d 442, 450-51. Those standards are met here.

4    Declarations of William E. Kennedy ¶¶ 4-5 and Scott Maurer ¶¶ 4-5. The Plaintiffs' interests in

5    prosecuting the case and obtaining the most beneficial recovery possible fully comport with the

6    interests of the class. Moreover, "[p]otential plaintiffs are not divided into conflicting discrete

7    categories," in this case because they all claim injuries as a result of alleged unfair lending

8    practices for the same types of loans and purchases. See *Hanlon, supra,* 150 F.3d at 1021.

9    Finally, any Class Member who wishes to "opt out" of the Settlement may do so. See Settlement

10    Agreement, ¶4.08. There is, therefore, no conflict of interest between the named representatives

11    and Class Members. In addition, throughout this litigation, Plaintiffs and their counsel have

12    demonstrated their commitment to vigorously prosecuting the case on behalf of the class. Here,

13    the parties engaged in traditional discovery, including document request and production,

14    interrogatories, and requests for admission. Declaration of Michael Gorman ¶ 2. Plaintiffs and

15    the Class are represented by competent class counsel. Declarations of William E. Kennedy ¶ 4

16    and Scott Maurer ¶ 4. The adequacy requirements are amply met here.

17          Class certification is authorized under Rule 23(b)(3) of the Federal Rules of Civil

18    Procedure where common questions of law and fact predominate over individual questions and

19    where class wide treatment of a dispute is superior to individual litigation. When assessing

20    predominance and superiority, a court may consider that the class will be certified for settlement

21    purposes only and that manageability of trial is therefore irrelevant. *Amchem Products v.*

22    *Windsor* (1997) 521 U.S. 591, 117 S. Ct. 2231, 2248. The test is whether the proposed class is

23    sufficiently cohesive to warrant adjudication by representation. *Hanlon, supra,* 150 F.3d at

24    1022. The proposed Class in this case is sufficiently cohesive because all Class Members share a

25    "common nucleus of facts and potential legal remedies." All of the representative plaintiffs and

26    proposed Class Members seek damages available under TILA. The alleged violations in lending

27    practices were applied uniformly across this class. Hence, common questions about the legality

28    of these lending practices predominate over individual questions.

1   Furthermore, particularly in the settlement context, class resolution is superior to other

2   available methods for the fair and efficient adjudication of the controversy. See *Hanlon, supra,*

3   150 F.3d at 1023.  The superiority requirement involves a "comparative evaluation of alternative

4   mechanisms of dispute resolution." *Hanlon, supra,* 150 F.3d at 1023.  Here, as in *Hanlon,* the

5   alternative methods of resolution are individual claims for a relatively small amount of damages.

6   *Id.*  These claims "would prove uneconomic for potential plaintiffs" because "litigation costs

7   would dwarf potential recovery." *Id.*  For this reason, in this case, as in *Hanlon,* a class action

8   settlement is the preferred method of resolution.

9   **C.    THE TERMS OF THE PROPOSED SETTLEMENT ARE WITHIN
          ACCEPTABLE RANGE AND DISCLOSE NO GROUNDS TO DOUBT ITS**
10  **FAIRNESS**

11  The proposed Settlement will give substantial benefits to the Settlement Class Members.

12  It compensates the named representatives, recognizes the contribution of class counsel, and at the

13  same time provides a fair scope of relief to the defendants.  There is no reason why the

14  compromise should not be approved.

15  The parties negotiated the proposed Settlement Agreement in good faith and at arm's

16  length, with the assistance of Judge Howard R. Lloyd at a court-ordered mediation.  Declaration

17  of Michael Gorman, ¶ 2.  Plaintiffs served formal discovery on the defendant, to which defendant

18  responded, and the parties additionally engaged in informal discovery for the purposes of

19  settlement. Declaration of Michael Gorman, ¶ 2.  As a result, plaintiffs' counsel – who are

20  experienced class action attorneys – had sufficient documents and information to assess the

21  strengths and weaknesses of the claims and the benefits of the proposed Settlement under the

22  circumstances of this case.  Declarations of William Kennedy ¶ 2 & 4, and Scott Maurer ¶¶ 2 &

23  4. The settlement reached by plaintiffs and defendant provides for a reasonable award to

24  Settlement Class Members in the form of a check.  The relief described above will be provided

25  directly to class members, without any need to file a claim.  ¶¶ 1.17, 3.03, 3.04, 3.05.

26  Moreover, there is no unduly preferential treatment of the class representative or

27  excessive compensation for plaintiffs' attorneys.  An incentive award of $5000 is well within the

28  acceptable range.  The amount awarded in reported cases vary widely with amounts of several

thousand dollars being quite typical and payments of $5,000 rarely requiring particularized court examination for approval. *Cook v. Niedert*, 142 F.3d 1004, 1016 (7th Cir. 1998) (incentive award of $25,000 for named plaintiff); *In re Dun & Bradstreet Credit Services Customer Litig.*, 130 F.R.D. 366 (S.D. Ohio 1990) (various incentive awards to named plaintiffs; highest individual award $55,000). The amount of fees and costs was negotiated with the assistance of Magistrate Judge Lloyd only after all of the class relief was negotiated. Declaration of Michael Gorman, ¶ 2. Further evidentiary basis for such an award is reserved for the final hearing.

Of course, all of these terms, conditions and amounts of recovery, as well as equitable relief, are subject to this Court's approval. Because the settlement does not disclose grounds to doubt its fairness, preliminary approval of the Settlement is appropriate.

**D.    THE PROPOSED CLASS SETTLEMENT NOTICE IS CLEAR AND ADEQUATE**

The parties propose Class Notices that are attached to the Settlement Agreement as Exhibits B (English version) and C (Spanish version). The form and substance of the notices has been the subject of considerable efforts on the part of both parties, and this effort conforms with practice recommended by the NACA Class Guidelines. See, 176 F.R.D. 375 (1998). Rule 23(c)(2) of the Federal Rules of Civil Procedure requires the notice to concisely and clearly state in plain, easily understood language all of the following: the nature of the action; class definition; a general statement of the class claims and issues; that a class member may enter an appearance through counsel if desired; the right and manner of exclusion or objection; the binding effect of class judgment (release). See, National Consumer Law Center, *Consumer Class Actions* (5th ed. 2002 and supp. 2005) § 10.1.1, p.57. The notice prepared by counsel in this case is drafted in clear, concise, everyday language, with a minimum of legalese, and is translated into Spanish. *Id.*, § 10.1.2., p. 135. Settlement Agreement, Exhibits B and C.

The parties propose that the notice by distributed by First Class Mail, as the best notice practicable with a reasonable re-mailing of notice provision. The identity of class members is to be derived directly from TD Banknorth. Upon receipt of this Court's order, TD Banknorth will compile a list of class members and their addresses as derived form their records and will provide the list to the Class Administrator, Rosenthal & Company at 300 Bel Marin Keys Blvd # 200

1  Novato, CA 94949 ¶1.05. Rosenthal & Company will update the list provided by TD Banknorth

2  by running a National Changes of Address Registry check for all the addresses. ¶4.03.

3  Additional address searches will be performed for any notices returned to the Class

4  Administrator. ¶4.06.

5

6  **V.    THE COURT SHOULD SET A DATE FOR THE FINAL FAIRNESS HEARING**

7          A fairness hearing is necessary so that the Court can determine whether to enter a Final

8  Order approving the terms of the Agreement as fair, reasonable and adequate. The Settlement

9  Agreement and Class Notice contemplate and afford an opportunity for class members to opt-out

10 or object, and at the same time. approve non-class benefits such as the incentive award, legal

11 fees, and *cy pres* provisions.

12          The settlement agreement contemplates the following timetable. (The parenthetical dates

13 assume that the Court approves this petition on April 28, 2008.)

14     -    Class member lists submitted to Class Administrator within 5 days after

15          preliminary approval (May 3, 2008);

16     -    TD Banknorth files with the Court an affidavit of compliance with the notice

17          provisions of the Class Action Fairness Act, 28 U.S.C. § 1715, no later than 10

18          days after preliminary approval;[2]

19     -    Class Administrator mails notice within 35 days after preliminary approval (June

20          2, 2008);

21     -    Class Administrator must remail any returned notices within 30 days of the initial

22          mailing (July 2, 2008);

23     -    Settlement Class Members have 30 days to opt-out or object (August 1, 2008);

24     -    Class Administrator must submit a list of opt-outs and objectors at least 40 days

25          before the final approval hearing, so that hearing can be no earlier than September

26          10, 2008.

27

28          [2] Pursuant to 28 U.S.C. § 1715(b), TD Banknorth is required, within 10 days of filing the settlement with
this Court, to serve various documents on the Office of the Comptroller of the Currency.

POINTS AND AUTHORITIES IN SUPPORT OF APPLICATION FOR AN ORDER FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT          11

1  To comply with the timetable set forth in the Settlement Agreement, as summarized above,

2  plaintiffs request that the date for the Final Fairness Hearing be scheduled as soon after

3  September 10, 2008 as may be convenient with the Court, and set the deadline for the filing of

4  plaintiffs' brief ten days prior thereto. ¶4.11.

5       No later than 10 days prior to the Final Approval Hearing, plaintiffs' counsel shall file a

6  memorandum of Points and Authorities in support of Final Approval of this Settlement and a

7  Request to Enter Judgment in substantially the form submitted as Exhibit D to the Settlement

8  Agreement. ¶4.11.

9       At the Final Approval Hearing, counsel shall request the implementation of those terms

10 and provisions, a finding that the notice given to the class members satisfies the requirements of

11 due process and Rule 23 of the Federal Rules of Civil Procedure, an award of attorneys' fees and

12 costs, incentive awards, distribution, designation of *cy pres* recipients to be awarded at the end of

13 the distribution process, and a request that this Court retain jurisdiction to enforce the provisions

14 of the Settlement Agreement should the need for further court involvement arise.

15

16 **VI.    CONCLUSION**

17      WHEREFORE, the parties request that the Court conditionally certify the proposed

18 Settlement Class pursuant to Rule 23(b)(3) of the Federal Rule of Civil Procedure, grant

19 preliminary approval of the proposed Class Settlement Agreement Order, approve the release of

20 the class members' names and addresses, and order distribution of the proposed Class Notice,

21 and schedule a final approval hearing.

22

23

24

25

26

27

28

1   Dated: _April 14_, 2008

2

3

4

5

6

7

8

9

10

11

12

13

14

15   *Pursuant to the State Bar rules governing the practical training of law students

16

17

18

19

20

21

22

23

24

25

26

27

28

LAW OFFICE OF WILLIAM E. KENNEDY
KATHARINE & GEORGE ALEXANDER
COMMUNITY LAW CENTER

Attorneys for Plaintiff Eliseo Navarrette and the Settlement
Class

By: _William E. Kennedy_

William E. Kennedy

By: _____

Scott Maurer
Supervising Attorney*

By: _Michael Gorman (J.M.)_

Michael Gorman
Certified Law Student*