Scott Maurer, C.S.B. #180830
Cheryl Scheer, C.L.S. #20998
KATHARINE & GEORGE ALEXANDER
COMMUNITY LAW CENTER
1030 The Alameda
San Jose, California 95126
Phone: (408) 288-7030
Fax:   (408) 288-3581

William E. Kennedy, C.S.B. #158214
LAW OFFICES OF WILLIAM E. KENNEDY
2797 Park Ave #201
Santa Clara, CA 95050
Phone: (408) 241-1000
Fax:   (408) 241-1500

Attorneys for Plaintiff Eliseo Navarrete
and others similarly situated

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| ELISEO NAVARRETTE, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>TD BANKNORTH, N.A,<br><br>Defendant | Case No.: C-07-02767 JW<br><br>DECLARATION OF SCOTT MAURER IN SUPPORT OF AN ORDER CERTIFYING A CLASS, GRANTING FINAL APPROVAL OF CLASS SETTLEMENT, AWARDING ATTORNEYS' FEES AND COSTS TO PLAINTIFF; AND ENTERING JUDGMENT<br><br>Date: Sept. 15, 2008<br>Time: 9:00 a.m.<br>Judge.: The Hon. James Ware |

1) I, Scott Maurer, am co-lead counsel for the Settlement Class in this litigation. I submit this Declaration in support of Plaintiffs' Petition filed and served herewith. I have been actively involved in the prosecution of the litigation and am fully familiar with the proceedings set forth herein. If called upon, I would be competent to testify to the following facts as true and correct to the best of my knowledge.

## The Settlement

2) A favorable resolution of the litigation was achieved through aggressive but efficient prosecution. I thoroughly analyzed the legal and factual issues in the litigation and considered the pros and the cons of various theories and facts before agreeing to the terms of the Settlement. Accordingly, I am satisfied that the terms and conditions of this Agreement are fair, reasonable, adequate and equitable, and that a settlement of the Action is in the best interests of the Representative Plaintiff and the Settlement Class.

3) For the reasons set forth herein, and the accompanying Memorandum of Points & Authorities, I believe that the Settlement is fair, reasonable and adequate when the risks of continued litigation are weighed against the potential benefits.

4) All parties participated in initial disclosures. Following initial disclosures, Class Counsel propounded written discovery on the defendant and received sworn responses. Discovery included detailed information, including statistical information, regarding defendant's expectation of repeated transactions which was the central issue in this case.

5) I am unaware of any case where the Truth in Lending Act was the sole class cause of action and the class recovered more than $500,000 in damages.

## My Prior Experience as Class Counsel

6) Since my admission to the bar, my practice has focused exclusively on consumer law cases. I have been counsel or co-lead counsel in several consumer class action suits during that time including:

* *Quintero v. Hispaem*, Case No. C-99 20343 EAI (N.D. Cal), a Fair Debt Collection Practices Act class action which resulted in a settlement that required the defendants to make full restitution to members of the class of monies obtained through unfair debt collection practices, and which further entailed significant injunctive relief and monitoring of the debt collectors' practices; and

* *Cardoza v. Cavalry Portfolio Services*, Case No. C 05 1163 WHA, also a Fair Debt Collection Practices Act class action which resulted in a settlement that required the defendants to make full restitution to members of the class of monies obtained through unfair debt collection

practices and to pay statutory damages to the members of the class.

* *Tamayo v. Brainstorm*, Case No. C01-20386 JF (RS), a Truth in Lending Act class action which required the defendants to pay $690,000.00 to members of the class.

### Attorney / Law Student / Paralegal Time Devoted

7) Four Certified Law Students contributed to the prosecution of this action. Law Center students are trained to enter contemporaneous time entries into our case management system. The Law Center seeks compensation for 63.3 hours of law student time in this matter. The hours are documented in the activity reports which are attached as Exhibit A to this declaration. The four students are Cheryl Scheer (CS), Jennifer Griffith (JG), Meg van Steenburgh (MVS) and Michael Gorman (MG).

8) The Law Center seeks compensation for 54.9 hours of my time (SM) and for 7.3 hours of paralegal time. The paralegal in question is Reuben Castillo (RC).

### Hourly Rates

9) Based on my familiarity with market rates in this area and from my own knowledge, I believe that $360.00 is a reasonable rate for my time. On July 10, 2008, the Law Center received an order granting 100% of the attorneys fees requested in conjunction with a fee application. The order was signed by the Hon. William J. Elfving of the Santa Clara County Superior Court. The order specifically found the following rates to be reasonable: $360 per hour for Scott Maurer's time; $150 per hour for Community Law Center student time; and, $125 for Reuben Castillo's time. The case in question is Quinonez v. M Auto Center West et al, Case No. 1-07-CV-098535.

10) Based on standard rates in this area and from my own knowledge, I believe that $150.00 an hour is a reasonable billing rate for the Community Law Center's students' services. As stated in the preceding paragraph, that rate has been judicially approved. Furthermore, based on standard rates in this area from my own knowledge, I believe that $125.00 an hour is a reasonable billing rate for community Law Center paralegals. The paralegal in question is Reuben Castillo, who is a certified paralegal and who now has twelve years of experience at the Law Center. Again, the rate in question has previously been judicially approved.

DECLARATION OF SCOTT MAURER

3

**Lodestar**

11) Based on the above, the lodestar for the Community Law Center is $30,171.50. The logs attached as Exhibit A document 125.5 hours of work for which the Law Center seeks compensation. I exercised billing judgment to reduce the number of hours from the total entered into our case system (218.1) to the 125.5 hour cited above. In addition to the fee figure cited above, the Law Center incurred costs in the amount of $350 for the filing fee. The total amount sought by Mr. Navarrette for fees and costs is thus $44,561.50 ($30,171.50 + $350 + $14,140)(see Decl. of William E. Kennedy).

**Cy Pres Recipients**

12) I am familiar with the work of the two designated cy pres recipients: The Watsonville Law Center and Community Legal Services - East Palo Alto. I know that both target their services to low-income persons in their respective areas. I know that both provide free legal services to individuals with consumer issues. I receive no compensation, directly or indirectly, from either organization. I do serve as an unpaid board member for the Watsonville Law Center. Additional information about Community Legal Services of East Palo Alto is available at http://www.clsepa.org/index.php . Additional information about the Watsonville Law Center is available at http://www.watsonvillelawcenter.org/ .

13) For the reasons stated above, I believe I can adequately represent the Proposed Settlement Class and I have no interests adverse to the proposed class.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and if called upon to testify, I could testify to the truth of the facts contained in this declaration. This declaration is executed on September 4, 2008, in San Jose, California.

KATHARINE & GEORGE ALEXANDER
COMMUNITY LAW CENTER

_/s/ Scott Maurer_
Scott Maurer
Attorney for Plaintiff Eliseo Navarrette and the
Settlement Class

| Date | Time | Activity | Staff Initials |
|---|---|---|---|
| 09/25/06 | 0.9 | Initial intake | MVS |
| 11/02/06 | 0.3 | Research for demand letter | M VS |
| 11/02/06 | 0.3 | Began drafting demand letter | M VS |
| 01/18/07 | 0.8 | Reviewed file and continued drafting demand letter | JG |
| 01/23/07 | 1 | Continued drafting demand letter | JG |
| 01/25/07 | 0.1 | Finalized and mailed demand letter | JG |
| 02/01/07 | 0.1 | TC to set up cl meeting | SM |
| 02/22/07 | 3 | Met w/ cl & co-counsel | SM |
| 03/12/07 | 0.2 | Prepared and mailed retainer to CL | RC |
| 03/13/07 | 2.4 | Began drafting complaint. | JG |
| 03/15/07 | 1.8 | Continued working on complaint draft | JG |
| 03/20/07 | 0.3 | Edits and additions to complaint | JG |
| 03/26/07 | 1 | Meeting with co-counsel to review draft complaint and potential state law claims | SM |
| 03/27/07 | 1.7 | Edits and additions to complaint | JG |
| 03/29/07 | 0.4 | Researching preemption cases and applicable US Code provisions | JG |
| 04/03/07 | 0.2 | Further edits to complaint | JG |
| 04/03/07 | 0.9 | Further edits and additions to complaint | JG |
| 04/05/07 | 0.3 | Continued making revisions to complaint | JG |
| 04/05/07 | 0.3 | TC w/ co-counsel re: revisions to complaint | SM |
| 04/05/07 | 0.6 | Revisions to complaint | JG |
| 04/10/07 | 0.4 | Completed Summons and Civil Case Cover Sheet | JG |
| 04/10/07 | 0.4 | Further revisions to complaint | JG |
| 04/17/07 | 0.3 | Letter to cl | JG |
| 05/14/07 | 0.1 | TC w/ cl | RC |
| 05/18/07 | 0 | LM w/ cl | RC |
| 05/21/07 | 0.1 | Letter to co-counsel w/ retainer | RC |
| 05/25/07 | 0.5 | Filed Summons and Complaint | RC |
| 05/25/07 | 0.3 | Summons & Complaint served by mail | RC |
| 08/02/07 | 0.2 | TC to Matt Ball (MB) to meet and confer re ADR etc | SM |
| 08/02/07 | 0.2 | e-mail correspondence regarding deadlines | SM |
| 08/06/07 | 0.2 | E-filed Stip & proposed order selecting Mediation | RC |
| 08/21/07 | 1.5 | Prepared plaintiff's initial disclosures | SM |
| 09/21/07 | 0.4 | R'd e-m fr MB re 26(f) conf; TC to WEK; came up w/ list of dates & e-m'd to MB | SM |
| 09/24/07 | 0.1 | e-mails finalizing 26f conf date & time: Tues @ 2 | SM |
| 09/25/07 | 0.5 | 26(f) conference | SM |
| 09/27/07 | 1.1 | Began drafting written discovery requests | MG |
| 09/27/07 | 0.4 | Drafted interrogatories (rogs) | MG |
| 09/27/07 | 1.5 | Continued drafting written discovery | MG |
| 10/02/07 | 0.8 | Began drafting Requests for Admissions | MG |
| 10/02/07 | 0.3 | Edited document requests | MG |

| Date | Time | Activity | Staff Initials |
|---|---|---|---|
| 10/02/07 | 2.4 | Edits and additions to rogs | MG |
| 10/11/07 | 0.3 | Edits to document requests | MG |
| 10/11/07 | 0.3 | Reviewed TD's initial disclosures | MG |
| 10/16/07 | 1.2 | edited RPD & RFA | MG |
| 10/18/07 | 1.9 | Edited RFAs, rogs, & doc reqs | MG |
| 10/23/07 | 0.6 | Letter to cl | MG |
| 10/23/07 | 2.1 | Edited rogs, rfa's, and doc req | MG |
| 10/23/07 | 0.9 | Edits and additions to discovery | SM |
| 10/23/07 | 0.7 | Final edits to written discovery | MG |
| 10/23/07 | 0.3 | POS and served discovery | MG |
| 10/23/07 | 0.1 | e-mail to mb re status of CMS | SM |
| 10/25/07 | 0.3 | Worked on Case Management Statement | MG |
| 10/25/07 | 1.1 | Conf'd w/ MB via e-m re final changes to CMS; finalized CMS | SM |
| 10/25/07 | 0.1 | E-filed Joint CM Stat proposed order | RC |
| 11/01/07 | 0.3 | TC w/ cl | MG |
| 11/06/07 | 2.3 | CMC w/ Judge Ware (includes about .5 travel time) | SM |
| 11/08/07 | 0.1 | TC to cl | MG |
| 11/26/07 | 0.1 | TC w/ MB | SM |
| 11/26/07 | 0.3 | e-mails re def's proposed protective order | SM |
| 11/29/07 | 1.2 | Began drafting demand letter to Craftmatic demanding bed removal | MG |
| 11/29/07 | 0.5 | TC w/ Stephanie Campbell (EN's granddaughter) | MG |
| 12/04/07 | 0.4 | Continued working on demand letter to Craftmatic | MG |
| 12/07/07 | 0.1 | Letter to cl re: Mediation | RC |
| 12/07/07 | 0.1 | e-m to mb agreeing to ESC on Feb. 7 | SM |
| 12/12/07 | 1.3 | Review and summarize def's initial discovery responses | SM |
| 12/12/07 | 0.1 | e-m to MB re missing docs | SM |
| 12/13/07 | 0.5 | Letter to cl re case statues | SM |
| 12/13/07 | 0.2 | MB wants docs referenced in our initial discls; after conf'g w/ WK, e-m'd him a meet and confer | SM |
| 12/17/08 | 0.1 | e-mail to MB | SM |
| 12/19/08 | 0.1 | e-mails re ESC date | SM |
| 01/09/08 | 3.3 | Began drafting Settlement Conference Statement (SCS) | MG |
| 01/09/08 | 0.5 | Initial review of written discovery responses | MG |
| 01/10/08 | 0.1 | Ltr to cl re ESC | RC |
| 01/14/08 | 2.9 | Continued drafting SCS | MG |
| 01/14/08 | 1.2 | Began drafting confidential SC letter | MG |
| 01/14/08 | 0.2 | TC w/ MB re a couple discovery issues; | SM |
| 01/16/08 | 0.1 | e-mail to MB re Craftmatic entities | SM |
| 01/16/08 | 0.6 | Prepared docs NE - 0001 - NE - 0046 | RC |
| 01/16/08 | 4.1 | Began reviewing voluminous documents produced by defendant | MG |
| 01/17/08 | 0.1 | Served docs prepared 1/16 | RC |

| Date | Time | Activity | Staff Initials |
|---|---|---|---|
| 01/18/08 | 2.4 | Continued drafting SCS | MG |
| 01/23/08 | 0.2 | Letter to Craftmatic to remove bed | MG |
| 01/23/08 | 2.5 | Edits and additions to SCS | MG |
| 01/28/08 | 0.3 | Drafted and e-m'd settlement proposal to MB | SM |
| 01/29/08 | 1.6 | Edits and additions to esc | SM |
| 01/29/08 | 1 | Meeting w/ WEK for ESC | SM |
| 01/30/08 | 0.1 | e-m to MB req'g that tradeline be deleted as part of any settlement | SM |
| 01/30/08 | 0.1 | e-m w/ mb re discovery responses | SM |
| 01/30/08 | 2.3 | Edits and additions to esc | SM |
| 01/31/08 | 3.6 | Incorporated new rog numbers into brief; briefed case law Finished drafting ESC brief | SM |
| 01/31/08 | 0.3 | TCs w/ WEK | SM |
| 01/31/08 | 0.2 | e-mail to MB re q's about a nationwide class | SM |
| 01/31/08 | 0.5 | Drafted POS; ESC served and filed with the court | RC |
| 02/01/08 | 0.2 | TC w/ Stephanie Campbell (EN's granddaughter) | SM |
| 02/01/08 | 0.1 | Mailed copy of brief today to co counsel Will Kennedy | RC |
| 02/04/08 | 1 | Reviewed SCS from opposing counsel | MG |
| 02/07/08 | 6 | Attended ESC and case settled | SM |
| 03/07/08 | 0.2 | TC w/ WEK | SM |
| 03/07/08 | 1.1 | Reviewed mb's edits to SA; notes on potential changes | SM |
| 03/10/08 | 1.8 | Drafted proposed preliminary and final settlement orders | MG |
| 03/12/08 | 2.1 | Drafted proposed preliminary approval order, final judgment order, and class notice | MG |
| 03/17/08 | 0.8 | Revised class notice | MG |
| 03/17/08 | 0.5 | Edits and additions to PA docs; e-mail to MB | SM |
| 03/24/08 | 0.2 | Final changes to settlement agreement; e-mails w/ MB | SM |
| 03/24/08 | 1.5 | Completed first draft of Motion for Preliminary Approval | MG |
| 03/26/08 | 2.5 | Edits and additions to Motion for Preliminary Approval | MG |
| 03/31/08 | 0.8 | Edits and additions to Motion for Preliminary Approval | MG |
| 04/03/08 | 0.5 | Finished draft of MPA; e-mailed to MB | SM |
| 04/07/08 | 0.1 | TC to MB; LMTCMB | SM |
| 04/07/08 | 0.1 | TC w/ WEK | SM |
| 04/07/08 | 0.1 | Reviewed MB's edits; e-mailed MB we are in agreement | SM |
| 04/08/08 | 2 | Translated class notice into Spanish | RC |
| 04/08/08 | 0.1 | e-mail to MB re finalizing docs for MPA | SM |
| 04/09/08 | 0.1 | Called and LM for Stephanie Campbell re appt | RC |
| 04/09/08 | 0.1 | Reviewed and accepted MB's edits | SM |
| 04/11/08 | 0.6 | Met with cl & went over settlement agreement & signed & got him to sign the W-9 as well. | SM |
| 04/14/08 | 1.9 | Finalized motion for preliminary approval | SM |
| 04/14/08 | 0.2 | Incorporated changes to MPA req'd by MB | SM |
| 04/14/08 | 0.2 | Review and approve Rosenthal MOU | SM |

| Date | Time | Activity | Staff Initials |
|---|---|---|---|
| 04/15/08 | 0.1 | e-mail to MB re def's signatures | SM |
| 04/15/08 | 0.3 | E-filed Preliminary Approval Motion | RC |
| 04/16/08 | 0.3 | Hand delivered motion to courthouse | RC |
| 04/16/08 | 0.1 | e-mailed W-9's to MB | SM |
| 04/28/08 | 1.3 | Preliminary approval hearing : preliminary app granted | SM |
| 04/28/08 | 0.5 | Drafted stip for revised prelim approval order; ->MB | SM |
| 04/29/08 | 0.1 | e-mails w/ MB re minor changes to his stip; made changes & gave to RC to e-file | SM |
| 05/01/08 | 0.1 | Letter to cl re case status | RC |
| 05/27/08 | 0.3 | e-mail correspondence w/ Administrator re Notice | SM |
| 06/06/08 | 0.4 | TCs w/ class members re their q's about case | RC |
| 06/09/08 | 0.2 | TCs w/ class members re their q's about case | RC |
| 06/10/08 | 0.1 | TC w/ class member re q about case | RC |
| 06/11/08 | 0.1 | TC w/ class member re q about case | RC |
| 06/12/08 | 0.1 | TC w/ class member re q about case | RC |
| 06/16/08 | 0.2 | Communications with class members | RC |
| 06/18/08 | 0.1 | e-mail to MB re opt out | SM |
| 06/23/08 | 0.1 | e-mail to MB/JG re class member change of address | SM |
| 06/23/08 | 0.1 | e-mail to MB re opt out | SM |
| 06/27/08 | 0.1 | TC w/ class members re change of address | RC |
| 07/01/08 | 0.1 | TC w/ class member re q about case | RC |
| 07/03/08 | 0.1 | TC w/ class member re q about case | RC |
| 08/18/08 | 0.1 | TC w/ class member re q about case | RC |
| 08/26/08 | 0.2 | Worked on Memo in support of final approval | CS |
| 08/28/08 | 0.6 | Worked on Petition for final approval | CS |
| 08/31/08 | 1.4 | Cont'd working on first draft of final approval motion | CS |
| 09/02/08 | 0.2 | e-mail to MB re late decl | SM |
| 09/02/08 | 0.5 | Cont'd working on first draft of final approval motion | CS |
| 09/02/08 | 0.7 | Cont'd working on first draft of final approval motion | CS |
| 09/03/08 | 4.9 | Edits and additions to final approval motion | SM |
| 09/03/08 | 0.1 | E-mails to JG/MB re Administrator's decl | SM |
| 09/04/08 | 1.8 | Worked on motion and declarations | CS |
| 09/04/08 | 0.3 | Review and edit draft final approval; sent to MB for review and comment | SM |
| 09/04/08 | 1.4 | Review and edit and finish first draft of final approval brief; sent to WEK for review and comment | SM |
| 09/04/08 | 0.1 | TC w/ WEK | SM |
| 09/04/08 | 0.7 | Edits and additions to declarations | CS |
| 09/04/08 | 0.2 | Edits and additions to declarations | SM |
| 09/04/08 | 0.5 | Redact time records / reduce student time | SM |
| 09/04/08 | 4.1 | Finalized motion for final approval | SM |
| | 1 | Anticipated time - final approval hearing | SM |
| | 3 | Anticipated time - finalizing settlement | SM |
| | 125.5 | | |