Scott Maurer, C.S.B. #180830
Michael Gorman, C.L.S. #20218
KATHARINE & GEORGE ALEXANDER
COMMUNITY LAW CENTER
1030 The Alameda
San Jose CA 95126
(408) 288-7030 – Tel.
(408) 288-3581 – Fax

William E. Kennedy, C.S.B. #158214
LAW OFFICES OF WILLIAM E. KENNEDY
2797 Park Ave #201
Santa Clara, CA 95050
(408) 241-1000 – Tel.
(408) 241-1500 – Fax

Eric W. Wright, C.S.B. #41197
19910 Wright Drive
Los Gatos, CA 95033
Phone: (408) 554-4353
Fax:    (408) 554-4426

Attorneys for Plaintiff Eliseo Navarrette
and others similarly situated

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| ELISEO NAVARRETTE, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>TD BANKNORTH, N.A,<br><br>Defendant. | Case No.: C-07-02767 JW<br><br><u>CLASS ACTION</u><br><br>[PROPOSED] ORDER CERTIFYING CLASS, GRANTING FINAL APPROVAL OF CLASS SETTLEMENT, AWARDING ATTORNEY'S FEES AND COSTS TO PLAINTIFF; AND ENTERING JUDGMENT |

1  This cause came before the Court regularly for hearing pursuant to the Order issued by this Court on April 30, 2008 granting, *inter alia*, Conditional Certification of a Settlement Class; Preliminary Approval of Settlement; Distribution of Class Notice; and Setting Hearing for Final Approval (hereafter "Preliminary Approval Order").  Class Notice, including notice of this hearing was sent in accordance with that Preliminary Approval Order.  The plaintiff has come before the Court seeking Final Approval of the Class Settlement.  A hearing was conducted on September 15, 2008, at which the Plaintiff and the class were represented by Scott Maurer of the Alexander Community Law Center and William Kennedy of the Law Offices of William E. Kennedy.  Matthew G. Ball of Kirkpatrick & Lockhart, Preston, Gates, Ellis, L.L.P. appeared on behalf of TD Banknorth, N.A (hereinafter "TD Banknorth").[1]  The Court has reviewed any objection to the class settlement it received and has given opportunity for oral objection during the hearing.  Having reviewed and considered the briefing submitted to the Court, and the Settlement Agreement, the Court finds:

A.   Plaintiff and Defendant entered into a Class Action Settlement Agreement ("Settlement Agreement"), and the Court preliminarily approved the settlement on April 30, 2008.  At the preliminary approval hearing, this Court conditionally certified, pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure, a class of all United States residents who made a purchase from a Craftmatic Entity that was financed by TD Banknorth between May 25, 2006 and February 13, 2008.

B.   The Settlement Agreement has been submitted to the Court for final approval pursuant to Rules 23(b)(3) and (e) of the Federal Rules of Civil Procedure and is attached to this Order as Exhibit A.

---

[1] TD Banknorth, N.A. recently changed its name to TD Bank, N.A.  This order will continue to refer to TD Banknorth for the sake of consistency.

C. Notice to the class in a form approved earlier by the Court was mailed by the Class Administrator, Rosenthal & Company, LLC, as shown by the Declaration of the authorized representative of Rosenthal & Company, filed with the Application for Final Approval. The Class Administrator mailed the approved Class Notice in the form and manner approved by the Court on or about July 2, 2008 to all class members. The Class Administrator received sixty-five class notices returned from the United States Postal Service as undeliverable and, after the exercise of diligence required by the Settlement Agreement, effected a single re-mailing for each such return if an alternative address could be identified. Class members were provided an opportunity to opt-out of the class, and four class members requested such exclusion from the class. No class members submitted a written objection to this settlement. All class members, including any objectors, have been given due notice and opportunity to be heard.

D. The key terms of the Settlement Agreement include:

(1) that Settlement Class Members will share a payment of $591,571.66 (the "Class Settlement Funds");

(2) that Defendant will pay $5,000 to Plaintiff Eliseo Navarrette in addition to his recovery as a class member, in consideration of his service as class representative.

(3) that Plaintiff may submit a claim for attorney's fees, costs and expenses not to exceed $50,000; and,

(4) that if any portion of the Class Settlement Funds cannot be distributed to class members and/or checks are not cashed, the remaining amount will be used as *cy pres*, and will be distributed in the following percentages to the following non-profit organizations: (1) Watsonville Law Center (50%); and (2) Community Legal Services in East Palo Alto (50%).

E. Notice to the Office of the Comptroller of the Currency was provided in compliance with the Class Action Fairness Act, 28 U.S.C. § 1715, at least 90 days prior to the date of this Order.

IT IS HEREBY ADJUDGED, ORDERED AND DECREED THAT:

1. This Court has jurisdiction over the claims of the class members asserted in this action, personal jurisdiction over the settling parties (including all class members), and subject matter jurisdiction to approve the settlement as set forth in the Settlement Agreement previously filed with the Court.

2. The Court grants the parties' joint request for final approval of the Settlement Agreement. The Court finds the settlement negotiations were conducted at arms-length and in good faith among counsel for Plaintiff and Defendant. The terms of the Settlement Agreement are fair, reasonable, and adequate to Plaintiff and all members of the Class in light of the risk of establishing liability and damages, and the expense of further litigation.

3. This Court finds that the applicable requirements of Rule 23 of the Federal Rules of Civil Procedure have been satisfied with respect to this Class Settlement and makes final its previously conditional certification of the Class.

4. The notice given to the class members was reasonably calculated under the circumstances to apprise them of the pendency of this action, all material elements of the proposed settlement, and their opportunity to exclude themselves from, or object to, the settlement. The Court finds that the distribution of the Notice as provided for in the Preliminary Approval Order and the Settlement Agreement was reasonable, and constituted the best notice practicable under the circumstances to all persons within the definition of the Class, and fully met the requirements of Federal Rule of Civil Procedure 23, any and all substantive and procedural due process rights guaranteed by the United States Constitution, and any other applicable law.

5. Four members of the class requested to be excluded from this Class Settlement. These individuals are found to have properly excluded themselves from the Settlement Class; and this Order and Judgment shall not be binding on them. The four persons in question are identified in Exhibit B to this Order.

6. The class meets the predominance and superiority requirements. Common issues of fact and law predominate, and therefore the class action is superior to individual actions because of the relatively minor amount of statutory damages potentially recoverable

per individual (i.e., up to $1000) and the substantial costs associated with litigating individual actions.

7. Attorneys fees and costs are awarded to class counsel in the amount of $_____(not to exceed $50,000)($44,561.50 requested).

8. The Settlement Agreement attached as Exhibit A is hereby adopted by this Court as the final Judgment in this case.

9. Without affecting the finality of the Judgment, the Court shall retain jurisdiction of this case to enforce the terms of this Order and the Settlement Agreement.

DATE:_____

_____
Hon. James Ware
U.S. District Court Judge

[Proposed] Final Approval Order