# EXHIBIT "A"

<u>**SETTLEMENT AGREEMENT**</u>

Subject to Court approval, and in consideration of the mutual promises, representations, warranties and covenants exchanged herein and for other good and valuable consideration, the Parties (as defined below) agree to settle the Action (as defined below) under the following terms:

**I.    DEFINITIONS**

The following are the definitions of certain terms used in this Settlement Agreement. Definitions contained elsewhere in this Settlement Agreement shall also be effective.

1.01    "Action" means the legal proceeding pending in the United States District Court, Northern District of California, San Jose division, styled *Navarrette v. TD Banknorth, N.A.*, Case No. 07-02767.

1.02    "Agreement" means this Settlement Agreement.

1.03    "TD Banknorth" means TD Banknorth, N.A., and includes its Shoppers Charge Accounts Co. division.

1.04    "TD Banknorth's Counsel" means the law firm of Kirkpatrick & Lockhart Preston Gates Ellis LLP.

1.05    "Class Administrator" means Rosenthal & Company, Novato, California.

1.06    "Craftmatic Entity" includes Craftmatic Organization, Inc., Craftmatic of California, Inc., Craftmatic of Maryland, Inc., and Craftmatic of 10,000 Lakes, Inc., and further includes all merchants calling themselves some variant of "Craftmatic" with which TD Banknorth or a predecessor entity has done business with since January 1, 1997, to the present.

1.07    "Court" means the United States District Court, Northern District of California.

1.08    "Counsel" means TD Banknorth's Counsel and Plaintiff's Counsel.

1.09    "Distribution Date" means 10 calendar days after the date of Final Approval.

1.10    "Final Approval" means the latest of the following: (1) 35 calendar days after the date by which Judgment is entered and by which the Court has made its final award of attorneys' fees and costs; (2) if there is an appeal of the Judgment, the date of final affirmation on an appeal, the date of dismissal of such appeal, the expiration of the time for a petition for review of such appeal (including a petition for writ of certiorari to the U.S. Supreme Court), or, if review is granted, the date of final affirmation of the Judgment following review pursuant to that grant; and (3) the expiration date of the time for filing or noticing any appeal from the Judgment. Pursuant to the Class Action Fairness Act, an order giving final approval of a proposed settlement may not be issued earlier than 90 days after the Office of the Comptroller of the Currency is notified of the settlement as provided in 28 U.S.C. § 1715.

1.11    "Final Settlement Hearing" means the hearing to be conducted by the Court to determine whether to enter the Judgment.

1.12    "Judgment" means a judgment and order, dismissing the claims of the Representative Plaintiff and the Settlement Class with prejudice and without costs, and ordering payment to the Representative Plaintiff.

1.13    "Parties" means the Representative Plaintiff, the Settlement Class, and TD Banknorth.

1.14    "Plaintiff's Counsel" means the Alexander Community Law Center, the Law Office of William E. Kennedy, and Eric Wright, Esq.

1.15    "Preliminary Approval" of this Agreement means that the Court has entered orders in this Action certifying a settlement class and preliminarily approving the terms and conditions of this Agreement, including the manner of providing notice to the Settlement Class.

1.16    "Representative Plaintiff" means Eliseo Navarrette.

1.17   "Settlement Class" consists of all residents of the United States who opened a Comfort Mobility Credit Line account with TD Banknorth and/or Shoppers Charge Accounts Co. in connection with a purchase from any Craftmatic Entity between May 25, 2006 and February 13, 2008, including, without limitation, all co-borrowers.

1.18   "Settlement Class Counsel" means the Alexander Community Law Center, the Law Office of William E. Kennedy, and Eric Wright, Esq.

1.19   "Settlement Class Member" means any person who is included in the Settlement Class.

1.20   As used herein, the plural of any defined term includes the singular thereof and the singular of any defined term includes the plural thereof, as the case may be.

## II.   THE LITIGATION

2.01   On or about May 25, 2007, Eliseo Navarrette initiated the Action against TD Banknorth.  The Action asserted class-wide violations of the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.*; as well as an individual claim for violation of the California Consumer Legal Remedies Act, Civil Code §1750 *et seq.*

2.02   TD Banknorth denies the material allegations made in the Action and denies any and all liability with respect to any and all facts and claims alleged in the Action and further denies that the Representative Plaintiff and/or the Settlement Class have suffered any damage, or are entitled to any recovery.  TD Banknorth filed and served an Answer denying liability and contesting all claims alleged in the Action.

2.03   Counsel have conducted an extensive investigation into the facts and law relating to the Action.  In particular, Plaintiff's Counsel have fully analyzed and evaluated the merits of all Parties' contentions as they affect all Parties, including the individual members of the

Settlement Class. The investigation included the exchange of information pursuant to formal and informal discovery and a court-sponsored settlement conference. Plaintiff's Counsel also investigated the applicable law as applied to the facts discovered regarding the alleged claims and potential defenses, and any possible damages. After taking into account the foregoing Plaintiff's Counsel are satisfied that the terms and conditions of this Agreement are fair, reasonable, adequate and equitable, and that a settlement of the Action is in the best interests of the Representative Plaintiff and the Settlement Class.

     2.04    The parties understand, represent, and warrant that this Agreement, including, without limitation, the referenced monetary consideration, is not an admission of liability, wrongdoing, or unlawful conduct by any party. Nothing in this Agreement shall be construed or deemed to be an admission of liability by TD Bankorth or any of the Released Parties of any liability or of any acts of wrongdoing whatsoever, whether by omission or commission against the Settlement Class or any other entity or person, any such liability and conduct having been and continuing to be denied. TD Banknorth denies liability, but nevertheless desires to settle the Action on the terms and conditions herein set forth, for the purposes of avoiding the burden, expense, and uncertainty of continuing litigation, potentially inconsistent adjudications, and to put to rest the controversies engendered by the Action.

## III.    TERMS OF THE SETTLEMENT

     3.01    The Settlement Class shall be certified and Plaintiff's Counsel shall be appointed to serve the Settlement Class. The certification of the Settlement Class shall be binding only with respect to the settlement set forth in this Agreement. In the event this Agreement shall terminate for any reason, any order certifying the Settlement Class shall be vacated, and this

Action shall revert to its status with respect to class certification as existed before the date of the execution of this Agreement.

3.02    Along with the application for Preliminary Approval of this Agreement, the Parties shall apply to the Court for the entry of an order, in the form of the Proposed Order Granting (1) Conditional Certification of a Settlement Class; (2) Preliminary Approval of Settlement Agreement; (3) Order for Distribution of Class Notice; and (4) Setting Hearing for Final Approval, attached as Exhibit A.

3.03    Settlement Class Members will share a payment of $592,536.70 (the "Class Settlement Funds"). TD Banknorth will make the payment to a settlement fund set up and administered by the Class Administrator via wire transfer once the Class Administrator furnishes the name of the settlement fund, wire information, and appropriate tax information. On or before the Distribution Date, the Class Administrator will issue a check for the share amount to Settlement Class Members. The amount of each share will be determined by dividing the Class Settlement Funds figure by the number of accounts participating in the settlement. The checks referred to herein ("Settlement Checks") will only be negotiable for 90 days, and will bear a legend indicating so. The Class Administrator will provide an affidavit confirming the mailing of the Settlement Checks, which Plaintiff's counsel will file with the Court.

3.04    If according to the current electronic databases of TD Banknorth there are co-borrowers on an account, then the Settlement Check shall be made payable to both named borrowers. If a Settlement Class Member who is entitled to a payment is deceased on the Distribution Date, and because of said death the Settlement Check cannot be negotiated, then the Class Administrator will reissue that check within 60 days of the Distribution Date upon presentation of: (1) the originally issued check, (2) evidence documenting the death of the

Settlement Class Member, and (3) direction as to whom the payment should be made. If, prior to reissuing the Settlement Check, the Class Administrator receives competing directions as to whom the Settlement Check should be reissued, then the Class Administrator shall advise the competing claimants of that fact, and it shall be claimant's sole responsibility to obtain, at the claimant's sole expense, within 60 days of the Distribution Date, an order of instruction from the Court directing the Class Administrator as to which claimant the Settlement Check should be made payable.

      3.05    According to the current electronic databases of TD Banknorth, there are 2,465 accounts of the Settlement Class members, and all such accounts will receive the benefits of the settlement.

      3.06    If any portion of the Class Settlement Funds cannot be distributed to class members and/or checks are not cashed, the remaining amount will be used as *cy pres* and will be distributed in the following percentages to the following non-profit organizations: (1) Watsonville Law Center (50%); (2) Community Legal Services in East Palo Alto (50%). These *cy pres* funds will be sent by first class mail to class counsel at the Alexander Community Law Center 115 days after the date the last settlement check is mailed by the Class Administrator. Thereafter the Class Administrator may close the account.

      3.07    Plaintiff's Counsel and Settlement Class Counsel shall together make an application to the Court for an award of attorneys' fees, costs and expenses not to exceed $50,000. TD Banknorth shall not oppose any application by Plaintiff's Counsel for reasonable attorney's fees and costs, up to $50,000. Plaintiff shall not apply for any amount in excess of $50,000. The attorneys' fees, costs and expenses awarded by the Court shall be paid by TD Banknorth on the Distribution Date through a check made out to "KGACLC Trust" and

delivered to the Alexander Community Law Center. TD Banknorth's obligation to pay this sum shall not arise until TD Banknorth is furnished with a completed W-9 form pertaining to the KGACLC Trust. Once such funds are paid, their distribution shall be the sole responsibility of the Alexander Community Law Center. The award for attorneys' fees, costs and expenses shall be paid separate from and in addition to the payments to the Settlement Class Members and Representative Plaintiff and shall not reduce the amounts of those payments.

      3.08    In addition to any compensation directed to the Representative Plaintiff pursuant to section 3.03 above, TD Banknorth shall pay the Representative Plaintiff a total of $5,000.00 in consideration of his individual claims, and in consideration of his service as a class representative. The $5,000 check shall be made payable to Eliseo Navarrette and shall be delivered to the Alexander Community Law Center on or before the Distribution Date. TD Banknorth's responsibility to issue this check to Mr. Navarrette shall not arise until TD Banknorth or its counsel is furnished with a completed W-9 form pertaining to Mr. Navarrette. Furthermore, Mr. Navarrette's balance on his Comfort Mobility Credit Line account will be reduced to zero. TD Banknorth shall also, within 20 days of the Distribution Date, notify Experian, Equifax, Trans Union, and any other credit reporting agency to which it has provided information concerning Eliseo Navarrette, to mark Mr. Navarrette's credit as "closed account and paid – never late" or have it cleared from his credit history. TD Banknorth also agrees to refrain from reporting any information concerning Mr. Navarrette to any credit reporting agency in the future concerning the Comfort Mobility Credit Line account.

      3.09    TD Banknorth shall be responsible for paying the Class Administrator. In addition, TD Banknorth shall bear all of its own costs in connection with fulfilling its duties under this Agreement.

3.10     Should the Court decline to approve all material aspects of this settlement, refuse to conditionally certify the Settlement Class for purposes of this settlement (although insubstantial differences of wording of the ultimate definition of the Settlement Class shall have no effect on this Agreement), fail to grant final approval of this settlement, or for any reason not enter Judgment, this Settlement Agreement shall not be binding, and TD Banknorth shall have no obligation to make any payment.

3.11     Subject to Final Approval, and in consideration of the mutual promises contained herein, Representative Plaintiff and the Settlement Class Members who do not opt-out of this settlement fully and finally release TD Banknorth, its successors, predecessors, assigns, parent corporations, subsidiaries, affiliated companies, and all of their respective present and former employees, officers, directors, agents, attorneys, members, stockholders, divisions, subrogees, insurers, and partners (the "Released Parties"), from any and all claims, known and unknown, arising under California or other state law or federal statute, ordinance, regulation, common law, or other source of law, whether or not such claims are in the nature of damages, penalties, attorneys' fees and/or injunctive relief, whether in contract, tort, or pursuant to a statutory remedy, including, without limitation, any claims for attorneys' fees, costs of prosecution, and the like, related to the credit disclosures, or lack of credit disclosures made in association with the financing of purchases from any Craftmatic Entity.  (The claims being released are referred to in this Agreement as "Settlement Class Members' Released Claims.").  Additionally, Representative Plaintiff fully and finally releases TD Banknorth, its successors, predecessors, assigns, parent corporations, subsidiaries, affiliated companies, and all of their respective present and former employees, officers, directors, agents, attorneys, members, stockholders, divisions, subrogees, insurers, and partners (the "Released Parties"), from any and all claims, known and unknown,

arising under California or other state law or federal statute, ordinance, regulation, common law, or other source of law, whether or not such claims are in the nature of damages, penalties, attorneys' fees and/or injunctive relief, whether in contract, tort, or pursuant to a statutory remedy, including, without limitation, any claims for attorneys' fees, costs of prosecution, relating to or arising out of the alleged sales practices of any Craftmatic Entity, including, but not limited to, those practices alleged in the Action (the "Representative Plaintiff's Released Claims").

      3.12    With respect to Settlement Class Members' Released Claims, the Representative Plaintiff and the Settlement Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived and relinquished, to the fullest extent permitted by law, the provisions, rights and benefits of:

- Section 1542 of the California Civil Code (to the extent it is applicable, or any other similar provision under federal, state or local law to the extent an such provision is applicable), which is quoted below:

  **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR;**

- Section 28-1-1602 of the Montana Code (to the extent it is applicable, or any other similar provision under federal, state or local law to the extent an such provision is applicable), which is quoted below:

  **[A] GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS FAVOR AT THE TIME OF EXECUTING THE RELEASE WHICH, IF KNOWN BY HIM, MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR.**

- Section 9-13-02 of the North Dakota Cent. Code (to the extent it is applicable, or any other similar provision under federal, state or local law to the extent an such provision is applicable), which is quoted below:

**A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN THE CREDITOR'S FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY THE CREDITOR MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR.**

- Section 20-7-11 of the South Dakota Codified Laws (to the extent it is applicable, or any other similar provision under federal, state or local law to the extent an such provision is applicable), which is quoted below:

  **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR.**

Thus, subject to and in accordance with the provisions of this Agreement, even if the Representative Plaintiff and/or Settlement Class Members may discover facts in addition to or different from those which they now know or believe to be true with respect to the subject matter of the Settlement Class Members' Released Claims and/or Representative Plaintiff's Released Claims, the Representative Plaintiff and each Settlement Class Member, upon the Final Approval Date, shall be deemed to have and by operation of the Judgment shall have, fully, finally, and forever settled and released any and all of each Representative Plaintiff's Released Claims and the Settlement Class Members' Released Claims. This is true whether such claims are known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts.

3.13    Except as expressly provided herein, this Agreement shall not alter in any way any preexisting contractual relationship between TD Banknorth and/or Shoppers Charge Accounts Co. on the one hand, and any holder of a Comfort Mobility Credit Line account on the other.

## IV.    APPROVAL OF CLASS SETTLEMENT

4.01    This Agreement contemplates that Settlement Class Counsel shall prepare all required documents and shall be responsible for filing them with the Court, including but not limited to documents for obtaining preliminary court approval of the Settlement, certifying a conditional Settlement Class, notifying Class Members, obtaining final Court approval of the Settlement, and distributing the Settlement Proceeds.  TD Banknorth shall have the right to review, comment, and approve drafts of all such documents before they are filed with the Court. Any dispute regarding forms of notices, and other documents necessary to implement this settlement, if not timely resolved among the Parties, shall be referred to the Court.

4.02    Plaintiff shall file a Petition for (1) Conditional Certification of a Settlement Class; (2) Preliminary Approval of Settlement Agreement; (3) Order for Distribution of Class Notice; and (4) Settling Hearing for Final Approval, and supporting papers.  The Parties shall jointly participate in a hearing before the Court on a date set by the Court to obtain preliminary approval of the Settlement, although the Parties shall encourage the Court to enter the Order without a hearing unless the Court deems a hearing necessary.  The date of "Preliminary Approval" shall be the date that TD Banknorth's Counsel have both received actual notice (including receipt of any electronic notification issued by the Court) of the Court's preliminary approval of this settlement.

4.03    A Notice of Proposed Class Action Settlement in the English and Spanish forms attached hereto as Exhibit B and C (the "Class Notice") shall be provided to Settlement Class

Members, who will have the opportunity to submit objections to this settlement, and/or requests

for exclusion from the Class, using the procedures described herein.  Settlement Class Counsel

shall be responsible for preparing the Spanish form of notice.  The Class Notice shall be

distributed by the Class Administrator working in conjunction with TD Banknorth in the

following manner:  (1) within 15 days of Preliminary Approval, TD Banknorth shall compile a

list of class members and their addresses as derived from its current electronic databases.  (2)

Within 5 days of the Court's granting of the order, TD Banknorth shall provide those lists to the

Class Administrator.  (3) The Class Administrator shall update the lists of names and addresses

by running a National Change of Address Registry check.  (4) The Class Notice, along with a

Spanish language translation of the Class Notice, shall both be sent by the Class Administrator

by first-class U.S. Mail to Settlement Class Members within 35 days of the date of Preliminary

Approval.  Prior to the Final Approval Hearing, TD Banknorth and the Class Administrator shall

file with the Court and serve on Plaintiff's Counsel declarations detailing compliance with this

section.

4.04    The Settlement Class Members' names, addresses and identifying information

shall remain confidential and shall not be disclosed to anyone, except:  (1) to carry out the

reasonable efforts described in section 4.03; (2) pursuant to express written authorization by such

individuals whose information is to be disclosed; or (3) by order of the Court.

4.05    It will be conclusively presumed that the intended recipient received the Class

Notice if the Class Notice has not been returned to the Class Administrator as undeliverable

within 15 days of mailing or remailing.

4.06    If a Class Notice is returned because of an incorrect address, the Class

Administrator shall have 15 days from receipt of such returned Original Notice to search for

more current addresses. If new address information is obtained within 15 days, the Class Administrator shall promptly forward the Class Notice to the addressee via first-class U.S. Mail, and shall notify Counsel of the date of each remailing. It shall be conclusively presumed that the intended recipient received the remailing if the remailing has not been returned to the Class Administrator as undeliverable within 15 days of mailing. The Class Administrator shall keep records of when a Class Notice is returned because of an incorrect address and provide a final report on the number of Class Notices returned as undeliverable to Counsel in writing within 10 days of the last remailing.

4.07    The Parties agree that there shall be no additional mailings to the Class other than those contemplated by sections 4.03 and 4.06 above. Furthermore, TD Banknorth shall have no obligation to locate Settlement Class Members other than what is described in section 4.03 above. Settlement Class Members who are not located or whose checks are not cleared within 90 days after the Distribution Date shall be ineligible to receive any payment from TD Banknorth, but shall otherwise be bound by this Agreement and any judgment entered in the Action.

4.08    Individuals who fall within the definition of the Class may choose to opt out of the Class under such procedures as may be adopted by the Court, which shall be reflected in the Class Notice. Class Members who wish to opt out of this settlement must file with the Court, and serve on Counsel, either a written statement opting out of this settlement, or a written notice of intention to appear at the Final Settlement Hearing. Such written statement or notice must be filed with the Court and served no later than 30 days after the Class Notice was mailed to that individual. (This deadline is referred to herein as the "Objection/Exclusion Deadline Date.") Any such individuals who file and serve notice of their wish to opt out of the Settlement Class

("Opt-Out Plaintiffs") will receive no compensation pursuant to this Agreement. The class

settlement funds will be reduced *per capita* in proportion to the Settlement Class Members who

opt out. The Class Administrator will cause the settlement fund to return the total amount of the

per capita reduction, if any, to TD Banknorth at the same time the Class Administrator causes the

cy pres payment, if any, to be made as described in Paragraph 3.06, above. Every Settlement

Class Member who does not timely opt out shall be deemed a Settlement Class Member.

Counsel shall receive a copy of all validly executed opt-out forms from the Claims Administrator

within 10 days of receipt.

     4.09    Individuals who fall within the definition of the Class may also choose to object

to (but not opt-out of) the settlement. The Class Notice shall provide that Settlement Class

Members who wish to object to this settlement must file with the Court and serve on Counsel

either a written statement objecting to this settlement, or a written notice of intention to appear at

the Final Settlement Hearing and object. Such written statement or notice must be filed with the

Court and served no later than the Objection/Exclusion Deadline Date.

     4.10    Class members who fail to file and serve timely written objections or notice of

intention to appear and object in the manner specified above shall be deemed to have waived any

objections and shall be foreclosed from making any objection (whether by appeal or otherwise)

to this settlement. Settlement Class Members who fail to file and serve a valid and timely

request for exclusion on or before the Objection/Exclusion Deadline Date shall be bound by all

terms of the Settlement and any Judgment if the Settlement is approved by the Court, regardless

of whether they have objected to the Settlement. No later than 40 days before the Final

Settlement Hearing, the Class Administrator shall provide Counsel with a list of Settlement Class

Members who have timely requested exclusion from the Settlement Class.

4.11     The Parties shall request that the Court grant Final Approval to the settlement and enter final judgment in accordance with this Agreement, in the form of Exhibit D hereto, which: (1) approves this Agreement as final, fair, reasonable, adequate, and binding on all members of the Settlement Class who have not excluded themselves from this settlement; (2) orders that Settlement Class Members and Representative Plaintiff be paid, and (3) dismisses all claims by the Settlement Class with prejudice.  No later than 10 days before the Final Settlement Hearing, and under the terms set forth in section 4.01 above, Plaintiff's Counsel shall file a memorandum of points and authorities in support of this settlement.

4.12     After entry of the Judgment, the Court shall have continuing jurisdiction over the Action solely for purposes of:  (1) enforcing this Settlement Agreement; (2) addressing settlement administration matters; and (3) addressing such post-judgment matters as may be appropriate under applicable law.

4.13     Plaintiff acknowledges that TD Banknorth is subject to the relevant sections of the Federal Class Action Fairness Act, 28 U.S.C. § 1715(b)-(c), and is also required by the Office of the Comptroller of the Currency ("OCC") under OCC Bulletin 2006-20 to make certain filings within 10 days of the filing of this settlement with the court.  Under both the Class Action Fairness Act (CAFA) and OCC Bulletin 2006-20, the court in this action may not issue a final settlement order until 90 days after the relevant filings have been made.  To the extent any portion of this agreement conflicts with the requirements of the Class Action Fairness Act and OCC Bulletin 2006-20, the requirements of the Class Action Fairness Act and OCC Bulletin 2006-20 will control.

## V.     OTHER PROVISIONS OF THIS SETTLEMENT

5.01     This Agreement is entered only for purposes of settlement.  If this Agreement is not approved or does not become final for any reason, this Agreement and the Settlement Class,

and anything said or done pursuant to this Agreement, or as part of the negotiations leading hereto, shall be null and void and shall not be used in this or any other proceeding for any purpose.

5.02    Whether or not the Settlement becomes final, neither the Settlement, nor any document, statement, proceeding or conduct related to the Agreement, nor any reports or accounting thereof shall be construed as, offered or admitted in evidence as, received as, or deemed to be evidence for any purpose adverse to the Released Parties, including but not limited to evidence of a presumption, concession, indication or admission by any of the Released Parties of any liability, fault, wrongdoing, omission, concession or damage; or, disclosed, referred to or offered in evidence against any of the Released Parties, in any further proceeding in the Action, or any other civil, criminal or administrative action or proceeding except for purposes of effectuating this settlement pursuant to this Agreement, and except as otherwise required by law. This section and all other provisions of this Agreement notwithstanding, any and all provisions of this Agreement may be admitted in evidence and otherwise used in any and all proceedings to enforce any or all terms of this Agreement, or in defense of any claims released or barred by this Agreement.

5.03    Any disputes relating to the Class Administrator's ability and need to perform its duties shall be referred to the Court if they cannot be resolved by the Parties.  The Class Administrator shall regularly report to Counsel, in written form when requested or required, the substance of the work performed.

5.04    All Settlement Class Members who do not opt out of the settlement represent and warrant that they have not assigned or encumbered any of their claims against TD Banknorth.

5.05    All terms of this Agreement and its Exhibits shall be governed by and interpreted according to the laws of the State of California, without giving effect to any conflict of law principles or choice of law principles, except where federal law may preempt the law of California.

5.06    The terms and conditions set forth in this Agreement constitute the complete and exclusive statement of the agreement between the Parties hereto relating to the subject matter of this Agreement, superseding all previous negotiations and understandings, and may not be contradicted by evidence of any prior or contemporaneous agreement.  The Parties further intend that this Agreement constitutes the complete and exclusive statement of its terms as between the Parties hereto and that no extrinsic evidence may be introduced in any judicial proceeding, if any, involving this Agreement.

5.07    No waiver of any obligations under this Agreement will be enforceable or admissible unless set forth in a writing signed by the Party against which enforcement or admission is sought.  No delay or failure to require performance of any provision of this Agreement shall constitute a waiver of that provision as to that or any other instance.  Any waiver granted shall apply solely to the specific instance expressly stated.  The waiver by any party of any provision or breach of this Agreement shall not be deemed a waiver of any other provision or breach of this Agreement.

5.08    Unless otherwise specifically provided herein, all notices, demands or other communications given hereunder shall be in writing and shall be deemed to have been duly given as of the third business day after mailing by U.S. Mail, addressed as follows:

**To the Settlement Class or the Representative Plaintiff:**

Scott Maurer
Alexander Community Law Center

1030 The Alameda
San Jose, CA 95126
William E. Kennedy
Law Office of William E. Kennedy
2797 Park Avenue, Suite 201
Santa Clara, CA 95050

**To TD Banknorth:**

Matthew G. Ball
Kirkpatrick & Lockhart Preston Gates Ellis LLP
55 Second Street, Suite 1700
San Francisco, CA  94105-3493

5.09    The Parties and Counsel waive any and all rights to appeal the Judgment, this

waiver being contingent upon the Court entering a Judgment that is consistent with the terms set

forth in this Agreement.  This waiver includes waiver of all rights to any post-judgment

proceeding and appellate proceeding, including but not limited to motions to vacate judgment,

motions for new trial, and extraordinary writs.  The waiver does not include any waiver of the

right to oppose any appeal, appellate proceedings or post-judgment proceedings, if any.

5.10    The determination of the terms of, and the drafting of, this Agreement has been by

mutual agreement after negotiation, with consideration by and participation of all Parties hereto.

The presumption found in Civil Code section 1654 or any other rule or principle of law of

similar effect that uncertainties in a contract are interpreted against the party causing an

uncertainty to exist is hereby waived by all Parties.

5.11    This Agreement shall be binding upon, and inure to the benefit of, the respective

heirs, successors and assigns of each of the Parties.

5.12    The descriptive headings of any paragraph or sections of this Agreement are

inserted for convenience of reference only and do not constitute a part of this Agreement.

5.13    This Agreement may be executed in multiple identical counterparts, each of which shall be deemed an original, and counterpart signature pages may be assembled to form a single original document.  Furthermore, this Agreement may be executed and delivered by the exchange of electronic facsimile copies or counterparts of the signature page, which facsimile copies or counterparts shall be binding upon the Parties.

By signing below, each Party enters into this Agreement.  Each person signing this Agreement represents and warrants that he or she has been duly authorized to enter into this Agreement on whose behalf it is indicated that the person is signing.


DATED:  April ___, 2008                     _____
                                            ELISEO NAVARETTE as an individual and as the
                                            Representative Plaintiff


DATED:  April ___, 2008                     TD BANKNORTH, N.A.


                            By:     _____

                            (Print) _____

//

5.13    This Agreement may be executed in multiple identical counterparts, each of which shall be deemed an original, and counterpart signature pages may be assembled to form a single original document.  Furthermore, this Agreement may be executed and delivered by the exchange of electronic facsimile copies or counterparts of the signature page, which facsimile copies or counterparts shall be binding upon the Parties.

By signing below, each Party enters into this Agreement.  Each person signing this Agreement represents and warrants that he or she has been duly authorized to enter into this Agreement on whose behalf it is indicated that the person is signing.

DATED:  April _____, 2008

_____
ELISEO NAVARRETTE as an individual and as the
Representative Plaintiff

DATED:  April _____, 2008                    TD BANKNORTH, N.A.

By:   _____

(Print)   _____

_//_

**APPROVED AS TO FORM AND CONTENT:**

DATED:  April _14_, 2008                    ALEXANDER COMMUNITY LAW CENTER

                                   By:    _____
                                          SCOTT MAURER
                                          Attorneys for Plaintiff Eliseo Navarrette and the
                                          Settlement Class


DATED:  April _14_, 2008                    LAW OFFICE OF WILLIAM E. KENNEDY

                                   By:    _____
                                          WILLIAM E. KENNEDY
                                          Attorneys for Plaintiff Eliseo Navarrette and the
                                          Settlement Class


DATED:  April ____, 2008                    KIRKPATRICK & LOCKHART PRESTON
                                          GATES ELLIS LLP

                                   By:    _____
                                          MATTHEW G. BALL
                                          Attorneys for Defendant TD BANKNORTH, N.A.

**APPROVED AS TO FORM AND CONTENT:**

DATED:  April ___, 2008                    ALEXANDER COMMUNITY LAW CENTER

                                    By:    _____

                                           SCOTT MAURER
                                           Attorneys for Plaintiff Eliseo Navarrette and the
                                           Settlement Class

DATED:  April ____, 2008                   LAW OFFICE OF WILLIAM E. KENNEDY

                                    By:    _____

                                           WILLIAM E. KENNEDY
                                           Attorneys for Plaintiff Eliseo Navarrette and the
                                           Settlement Class

DATED:  April 15, 2008                     KIRKPATRICK & LOCKHART PRESTON
                                           GATES ELLIS LLP

                                    By:    _____

                                           MATTHEW G. BALL
                                           Attorneys for Defendant TD BANKNORTH, N.A.

1  Scott Maurer, C.S.B. #180830
   Michael Gorman, C.L.S. #20218
2  KATHARINE & GEORGE ALEXANDER
   COMMUNITY LAW CENTER
3  1030 The Alameda
4  San Jose CA 95126
   (408) 288-7030 – Tel.
5  (408) 288-3581 – Fax

6
   William E. Kennedy, C.S.B. #158214
7  LAW OFFICES OF WILLIAM E. KENNEDY
8  2797 Park Ave #201
   Santa Clara, CA 95050
9  (408) 241-1000 – Tel.
   (408) 241-1500 – Fax
10
11 Eric W. Wright, C.S.B. #41197
   19910 Wright Drive
12 Los Gatos, CA 95033
   Phone: (408) 554-4353
13 Fax:    (408) 554-4426

14
   Attorneys for Plaintiff Eliseo Navarrette
15 and others similarly situated

16
                IN THE UNITED STATES DISTRICT COURT
17           FOR THE NORTHERN DISTRICT OF CALIFORNIA
18                       SAN JOSE DIVISION

19
20 ELISEO NAVARRETTE, on behalf of   ) Case No.:  C-07-02767 JW
   himself and all others similarly situated, )
21                                    ) [PROPOSED] ORDER (1) CONDITIONALLY
                                      ) CERTIFYING A SETTLEMENT CLASS; (2)
22           Plaintiff,              ) GRANTING PRELIMINARY APPROVAL OF
           vs.                        ) SETTLEMENT AGREEMENT; (3) REQUIRING
23                                    ) DEFENDANT TO RELEASE THE NAMES AND
   TD BANKNORTH, N.A,                ) ADDRESSES OF THE CLASS MEMBERS; (4)
24                                    ) PROVIDING FOR THE DISTRIBUTION OF
           Defendant.                 ) CLASS NOTICE; AND, (5) SETTING A
25                                    ) HEARING FOR FINAL APPROVAL
26                                    )
                                      ) Date:     April 28, 2008
27                                    ) Time:     9:00 a.m.
28 _____        ) Dept.:    Hon. James Ware

                                      EXHIBIT___A___

                   [Proposed] Preliminary Approval Order

On April 28, 2008, Plaintiffs submitted an application for an Order (1) Conditionally Certifying a Settlement Class; (2) Granting Preliminary Approval of Settlement Agreement; (3) Requiring Defendant to Release the Names and Addresses of the Class Members; (4) Providing for Distribution of Class Notice; and (5) Setting a Hearing for Final Approval.  In support of the Application, Plaintiffs filed Points and Authorities, the Proposed Settlement Agreement and the Declarations of William E. Kennedy and Scott Maurer.  There is no opposition to the application.  Having read and considered all papers provided, and having reviewed the Proposed Settlement Agreement,

THE COURT HEREBY GRANTS THE APPLICATION AND ORDERS AS FOLLOWS:

(1) The Court certifies a Settlement Class, conditioned on final approval of the settlement. The Court further finds (a) that this action may be maintained as a class action pursuant to Federal Rules of Civil Procedure Rule 23(b)(3), (b) that the named plaintiff is an adequate representative of the settlement class, and (c) that class counsel is competent;

(2) The court preliminarily approves the Settlement Agreement entered into by all parties to this action;

(3) Defendant is ordered to provide the names and last known addresses of all class members, as derived from its current databases, to the Settlement Class Administrator within two days of being served with this order.

(4) The Court orders Class Notice, as set forth in ¶4.03 of the Settlement Agreement.  Notice will be in the form attached to the Settlement Agreement as Exhibit C, and the Spanish translation thereof (Exhibit D), and be mailed by the Class Administrator to affected persons within 35 days of the date of Preliminary Approval as defined in ¶1.15 of the

**EXHIBIT** A

1   Settlement Agreement.  The Class Administrator will take actions required pursuant to

2   ¶4.06 of the Settlement Agreement if the Notice is returned, in order to provide adequate

3   notice to the Class;

4

5   (5) The Court orders a Final Fairness Hearing before this Court to take place on _____,

6   2008;

7   (6)  The Court orders that pursuant to ¶4.08 of the Settlement Agreement, each Settlement

8   Class Member has 30 days from the date of mailing Notice to serve Counsel and file with

9   the Court a request to opt out of the class or objections to the Settlement Agreement

10  under the terms and conditions set forth in the Class Notice; and

11

12  (7) The Court orders Rosenthal & Company of Novato, California be appointed as the Class

13  Administrator, which shall mail Class Notice and perform all other acts required of it

14  under the terms of the Settlement Agreement.

15

16

17  DATED:  April 28, 2008

18                                        _____
                                          Hon. James Ware
19                                        U.S. District Court Judge

20

21

22

23

24

25

26                                        EXHIBIT_____ A

27

28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA - SAN JOSE DIVISION

| | | |
|---|---|---|
| ELISEO NAVARRETTE, on behalf of himself and others similarly situated,<br><br>        Plaintiffs,<br><br>vs.<br><br>TD BANKNORTH, N.A.,<br><br>        Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No.:  CV 07 02767 JW |

## NOTICE OF PROPOSED CLASS ACTION SETTLEMENT

### PLEASE READ THIS NOTICE CAREFULLY - THIS IS *NOT* A LAWSUIT AGAINST YOU

**To:** All U.S. residents who financed a Craftmatic bed through a Comfort Mobility Credit Line account issued by the Defendant, TD Banknorth between May 26, 2006 and February 13, 2008.

It appears from the Defendant's records that you are a member of the class affected by the proposed settlement and, as a result, that you may be entitled to certain benefits which are described below.  You are being sent this notice to explain the nature of the lawsuit and the terms of settlement, and inform you of your legal rights and obligations. In order to obtain the benefits of this settlement, you do not have to do anything.

### WHAT THIS LAWSUIT IS ABOUT

On May 25, 2007, Eliseo Navarrette initiated the above-captioned suit ("the Action") against TD Banknorth.  The Action asserted class-wide violations of the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.*; as well as an individual claim for a violation of California's Consumers Legal Remedies Act.  The primary issue raised by this lawsuit is whether or not TD Banknorth provided appropriate credit information to borrowers in conjunction with the Comfort Mobility Credit Line program.

Defendants denied all of the claims and raised a number of defenses.  TD Banknorth does not believe that it did anything wrong or that it did not obey the law, and it does not agree or admit

**EXHIBIT** B

that it is liable for any claims in this lawsuit or caused any damages. The Court has not made a determination as to who is right about the claims in the lawsuit.

## THE PROPOSED SETTLEMENT

The Class Representatives and the Defendants have agreed to the settlement described below in order to avoid the risks to both sides of going to trial and to avoid the delay in benefits class members may or may not receive after lengthy litigation. **You do not need to do anything in order to receive the benefits of this settlement,** except give notice of change of address if you move in the next six months. If the settlement is finally approved by the Court, you will be entitled to receive the benefits described below.

### Benefits to Class Members

Defendants have agreed to create a $592,536.70 settlement fund. Funds will be distributed to the individuals who participate in this class action settlement. If you decide to participate, you will receive a check for approximately $239 if this settlement receives final approval by the court.

### Benefits to the Class Representative

The settlement agreement provides that TD Banknorth will pay Mr. Navarrette $5,000, erase the balance on his Comfort Mobility Credit Line account, and refrain from negative credit reporting with respect to Mr. Navarrette.

### Attorney's Fees

In addition to the $592,536.70 settlement fund, which will be distributed among the class members, Defendant has agreed to pay the attorney's fees for the Class in an amount not to exceed $50,000. The attorneys' fees will be paid separately from the settlement fund, and will not reduce the amount of money paid to the class members.

### Release

In exchange for the benefits to the class described herein, Defendant TD Banknorth will be released from liability for the acts and omissions alleged in this lawsuit. All class members will be bound by this release unless they exclude themselves or object to the settlement as described below. The release extends even to claims that class members might have against Defendant TD Banknorth – but do not know about – arising out of the acts and omissions alleged in this lawsuit.

## OPINION OF CLASS COUNSEL CONCERNING THE SETTLEMENT

EXHIBIT_____ B

The attorneys for the Class believe, given the uncertainties of litigation, the remaining legal and factual issues, as well as the delay inherent in the trial and appellate process, that this is a fair and reasonable settlement.

## YOUR RIGHTS AND HOW TO CLAIM YOUR SHARE

**In order to receive the benefits to which you are entitled under this agreement, you do not need to do anything.** After the Court issues Final Approval, a check or credit will be mailed to you.

**If you do not want to participate in the class settlement, you must notify the Class Administrator, in writing, at the following address: Rosenthal & Company at 300 Bel Marin Keys Blvd # 200 Novato, CA 94949.** You must state in writing that you wish to be excluded from the Class, and mail your letter no later than 30 days after the date of the mailing of this Notice. Additionally, you or your attorney will need to file the written notice with the Court, and mail the notice to the lawyers involved in this action. Those lawyers are:

Scott Maurer
KGACLC
1030 The Alameda
San Jose, CA 95126

and

Matthew G. Ball
Kirkpatrick & Lockhart Preston Gates Ellis LLP
55 Second Street, Suite 1700
San Francisco, CA 94105-3493.

If you exclude yourself and thus choose not to participate in the settlement class, you will have the right to bring an individual lawsuit on your own behalf against the Defendants if you bring it within the time allowed by law. If you brought such a lawsuit and won you might recover a larger amount of money than you will receive under this class settlement. If you lose your own lawsuit, however, you will recover nothing.

If you do not provide proper notice that you wish to exclude yourself, object, intervene or appear either on your own or through your own attorney, you will be represented at no cost by attorneys for the Class representatives and the Class at the hearing and all further court proceedings.

## FURTHER COURT PROCEEDINGS

A Final Fairness Hearing will be held before the Honorable James Ware on or about _____, 2008 at 9:00 a.m. in Courtroom 8, U.S. District Court for the Northern District of California, 280 South First Street, San Jose, CA. At the hearing, Judge Ware will decide whether the proposed settlement is reasonable, adequate, and fair. If Judge Ware approves it, the settlement will be completed and the distributions will be paid thereafter. Class members who have filed an



EXHIBIT ____

objection or wish to intervene must appear at the hearing to explain their position.  **You do not need to appear in order to receive your share of the class settlement.**

## ADDITIONAL INFORMATION

If you would like more information about this notice or this litigation, you may contact Plaintiff's counsel as follows: Scott Maurer; KGACLC; 1030 The Alameda; San Jose, CA 95126 (408) 288-7030.  The court papers filed in this case are available for inspection in the Office of the Clerk, U.S. District Court for the Northern District of California, San Jose Division, 280 South First Street, San Jose, CA 95113-3002.

**Please do not call the Judge or Clerk of the Court. They will not be able to give you advice about this case.**

**EXHIBIT** $\beta$

TRIBUNAL REGIONAL DE LOS ESTADOS UNIDOS

REGION DEL NORTE DE CALIFORNIA - DIVISIÓN DE SAN JOSÉ

| | |
|---|---|
| ELISEO NAVARRETTE, de su propia parte y de parte de otros en una situación similar,<br><br>      Demandantes,<br><br>      vs.<br><br>TD BANKNORTH, N.A.,<br><br>      Acusado. | )<br>)<br>)<br>)<br>)<br>)<br>)  Caso No.:  CV 07 02767 JW<br>)<br>)<br>)<br>)<br>)<br>) |

## AVISO DE LA PROPUESTA DE UN ARREGLO A LA DEMANDA COLECTIVA

FAVOR DE LEER ESTE AVISO CUIDADOSAMENTE – ESTA **NO ES** UNA DEMANDA
CONTRA USTED.

**Para:** Todas las personas viviendo en Estados Unidos quienes financiaron una cama Craftmatic a través de una cuenta de Línea de Crédito Comfort Mobility, emitida por el Acusado, TD Banknorth, entre el 26 de mayo del año 2006  y el 13 de febrero del 2008.

Al parecer, de acuerdo a los registros del Acusado, usted es uno (una) de los (las) participantes en esta demanda colectiva que sería afectada por este arreglo que ahora se propone.  Por consiguiente, usted podría tener derecho a ciertos beneficios que se describen a continuación.  Se le manda este aviso para explicarle de lo que se trata esta demanda, para delinear los términos del arreglo, y para informarle sobre sus derechos y obligaciones legales.  Usted no tendría que hacer nada para obtener los beneficios de este arreglo.

## DE LO QUE SE TRATA ESTA DEMANDA

El 25 de mayo del 2007, Eliseo Navarrette levantó la demanda previamente mencionada ("la Demanda") contra TD Banknorth.  La demanda alega quebrantamientos en conjunto de 15 U.S.C. § 1601 *et seq*. del Acta de la Verdad en los Préstamos (Truth in Lending Act); así como una queja individual por quebrantamientos al Acta de Remedios Legales del Consumidor de California (California's Consumers Legal Remedies Act).  El asunto principal en esta  demanda es si ya sea o no TD Banknorth proporcionó información adecuada sobre su oferta de crédito a

**EXHIBIT** C

las personas que aceptaron dicho crédito en relación al programa de Línea de Crédito de Comfort Mobility.

Los acusados negaron todos los cargos y presentaron varias defensas. TD Banknorth no considera que hizo algo incorrecto o que desobedeció la ley, ni tampoco está de acuerdo ni admite que es responsable por ninguno de los reclamos en esta demanda, [y tampoco acepta que] causó ningún perjuicio. El Tribunal aún no ha determinado quien tiene la razón en cuanto a los reclamos de la demanda.

## EL ARREGLO QUE SE PROPONE

Los Representantes de esta Demanda Colectiva y los Acusados han llegado al acuerdo que se delinea a continuación como una manera de evitar los riesgos mutuos de tener que llevar el caso a juicio y para evitar la tardanza de los beneficios que los miembros de esta demanda colectiva podrían recibir o no recibir después de un largo litigio. **Usted no tiene que hacer nada para recibir los beneficios de este arreglo,** excepto dar notificación de su nueva dirección si es que se muda en los próximos seis meses. Si el arreglo es finalmente aprobado por el Tribunal, usted tendría derecho de recibir los beneficios que se describen a continuación.

### Beneficios para los Miembros de la Demanda Colectiva:

Los acusados han estado de acuerdo en crear un fondo para el arreglo que asciende a $592,536.70. Los fondos serían distribuidos entre las personas que participen en esta demanda colectiva. Si usted decide participar entonces recibiría un cheque por aproximadamente $239 dólares, siempre en cuando este arreglo sea aprobado por el tribunal.

### Beneficios a los Representantes de la Demanda

El arreglo que se propone establece que TD Banknorth le pagará al Sr. Navarrete $5,000 dólares, eliminará el saldo en su cuenta de la Línea de Crédito de Comfort Mobility, y no reportará información de crédito negativa en relación al Sr. Navarrette.

### Honorarios Legales (de abogados)

Además del fondo para el arreglo que asciende a $592,536.70, a ser distribuido entre las personas que participen en esta demanda colectiva, los Acusados están de acuerdo en pagar los honorarios de los abogados de los demandantes colectivos, hasta un máximo de $50,000 dólares. Los honorarios de los abogados serán pagados independientemente del fondo para el arreglo y no reducirán el monto total que será pagado a los miembros de la demanda colectiva.

EXHIBIT _C_

**Liberación de responsabilidad**

A cambio de los beneficios ofrecidos a los miembros de la demanda colectiva, el Acusado, TD Banknorth, será liberado de cualquier responsabilidad por los actos y omisiones alegadas en esta demanda. Todos los miembros de la demanda obedecerán esta liberación a menos de que se excluyan ellos (ellas) mismos (mismas) o se opongan al arreglo como se describe a continuación. Esta liberación de responsabilidad se extiende a reclamos que los miembros de la demanda colectiva podrían tener contra el Acusado TB Banknorth (aun si esos reclamos no se conocen en este momento) como resultado de los actos y omisiones alegados en esta demanda.

## OPINION DE LOS ABOGADOS EN DEMANDA COLECTIVA
## CONCERNIENTE AL ARREGLO

Dada la incertidumbre del litigio, los asuntos legales y factibles pendientes, y la tardanza acarreada por un posible juicio y la posible apelación, los abogados en la demanda colectiva opinan que este es un arreglo justo y razonable.

## SUS DERECHOS Y COMO RECLAMAR SU PARTE

**Usted no tiene que hacer nada para recibir los beneficios a los cuales usted tiene derecho bajo este arreglo.** Se le mandará a usted un cheque o se le regresará un crédito después de que el Tribunal emita su Aprobación Final del arreglo.

**Si usted no desea participar en este arreglo colectivo entonces debe notificarle al Administrador de la Demanda Colectiva por escrito a la dirección siguiente: Rosenthal & Company at 300 Bel Marin Keys Blvd # 200 Novato, CA 94949.** Deberá especificar por escrito que desea ser excluido(a) de la Demanda Colectiva, y tendrá que mandar su carta en no más de 30 días después de la fecha en que se haya mandado este Aviso. Además, ya sea usted o su abogado deberá presentar ante el Tribunal un aviso escrito de sus intenciones. El mismo aviso debe ser mandado a los abogados participantes en esta demanda colectiva. Los abogados son:

Scott Maurer
KGACLC
1030 The Alameda
San José, CA  95126

y

Matthew G. Ball
Kirkpatrick & Lockhart Preston Gates Ellis LLP
55 Second Street, Suite 1700
San Francisco, CA  94105-3493

EXHIBIT C

Si usted decide excluirse y por lo tanto no participar en este arreglo colectivo, usted tendrá el derecho a presentar su propia demanda individual contra el Acusado, pero solamente si la presenta durante el tiempo permitido por la ley.  Si decide presentar su propia demanda y gana su caso, es posible que usted pueda recuperar más dinero del que se le ofrece a través de este arreglo colectivo.  Sin embargo, si pierde el caso, usted no podrá recuperar nada.

Si usted no presenta el debido aviso para excluirse, oponerse, intervenir o comparecer solo (sola) o con su abogado, entonces los abogados de la demanda colectiva lo (la) representarán gratuitamente durante la audiencia y durante otros posibles procesos legales relacionados a esta demanda.

### OTROS PROCEDIMIENTOS LEGALES ANTE EL TRIBUNAL

Habrá una Audiencia Final de Equidad ante el Honorable Juez James Ware en o alrededor de _____ del 2008, a las 9:00 AM en la Sala 8 del Tribunal Superior de los Estados Unidos para la Región Norte de California, localizada en el 280 South First Street, San José, California.  Durante dicha audiencia el Juez Ware decidirá si el arreglo que se propone es razonable, adecuado y justo.  Si el Juez Ware lo aprueba, el arreglo será concluido y después se pagarán las distribuciones correspondientes.  Los miembros de la demanda colectiva que hayan presentado una objeción por escrito o que deseen intervenir deberán presentarse a la audiencia para presentar sus argumentos.  **Sin embargo, usted no tiene que comparecer a la audiencia para poder recibir su parte del arreglo.**

### INFORMACIÓN ADICIONAL

Si usted desea recibir más información sobre este aviso o esta demanda puede ponerse en contacto con el abogado del Demandante a esta dirección: Scott Maurer; KGACLC; 1030 The Alameda; San José, CA  95126, (408) 288-7030.  Los documentos legales archivados sobre este caso están disponibles para su inspección en la Oficina del Secretario (Office of the Clerk) del Tribunal Superior de los Estados Unidos para la Región Norte de California, División de San José, localizada en el 280 South First Street, San José, California 95113-3002.

**Le rogamos no llamar al Juez o al Secretario.  Ellos no podrán darle ningún tipo de consejo sobre este caso.**

EXHIBIT C

Scott Maurer, C.S.B. #180830
Michael Gorman, C.L.S. #20218
KATHARINE & GEORGE ALEXANDER
COMMUNITY LAW CENTER
1030 The Alameda
San Jose CA 95126
(408) 288-7030 – Tel.
(408) 288-3581 – Fax

William E. Kennedy, C.S.B. #158214
LAW OFFICES OF WILLIAM E. KENNEDY
2797 Park Ave #201
Santa Clara, CA 95050
(408) 241-1000 – Tel.
(408) 241-1500 – Fax

Eric W. Wright, C.S.B. #41197
19910 Wright Drive
Los Gatos, CA 95033
Phone: (408) 554-4353
Fax:    (408) 554-4426

Attorneys for Plaintiff Eliseo Navarrette
and others similarly situated

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| ELISEO NAVARRETTE, on behalf of himself and all others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> TD BANKNORTH, N.A, <br><br> Defendant. | Case No.: C-07-02767 JW <br><br> CLASS ACTION <br><br> [PROPOSED] ORDER CERTIFYING CLASS, GRANTING FINAL APPROVAL OF CLASS SETTLEMENT, AWARDING ATTORNEY'S FEES AND COSTS TO PLAINTIFF; AND ENTERING JUDGMENT |

EXHIBIT D

1        This cause came before the Court regularly for hearing pursuant to the Order issued by

2    this Court on _____, 2008 granting, *inter alia*, Conditional Certification of a Settlement

3    Class; Preliminary Approval of Settlement; Distribution of Class Notice; and Setting Hearing

4    for Final Approval (hereafter "Preliminary Approval Order"). Class Notice, including notice

5    of this hearing was sent in accordance with that Preliminary Approval Order. The plaintiff

6    has come before the Court seeking Final Approval of the Class Settlement. A hearing was

7    conducted on _____, 2008, at which the Plaintiff and the class were represented by

8    Scott Maurer of the Alexander Community Law Center and William Kennedy of the Law

9    Offices of William E. Kennedy. Matthew G. Ball of Kirkpatrick & Lockhart, Preston, Gates,

10    Ellis, L.L.P. appeared on behalf of TD Banknorth, N.A (hereinafter "TD Banknorth"). The

11    Court has reviewed any objection to the class settlement it received and has given opportunity

12    for oral objection during the hearing. Having reviewed and considered the briefing submitted

13    to the Court, and the Settlement Agreement, the Court finds:

14        A.    Plaintiff and Defendant entered into a Class Action Settlement Agreement

15    ("Settlement Agreement"), and the Court preliminarily approved the settlement on _____,

16    2008. At the preliminary approval hearing, this Court conditionally certified, pursuant to

17    Rule 23(b)(3) of the Federal Rules of Civil Procedure, a class of all United States residents

18
19    who made a purchase from a Craftmatic Entity that was financed by TD Banknorth between

20    May 25, 2006 and February 13, 2008.

21        B.    The Settlement Agreement has been submitted to the Court for final approval

22    pursuant to Rules 23(b)(3) and (e) of the Federal Rules of Civil Procedure and is attached to

23    this Order as Exhibit A.

24        C.    Notice to the class in a form approved earlier by the Court was mailed by the

25    Class Administrator, Rosenthal & Company at 300 Bel Marin Keys Blvd # 200 Novato, CA

26    94949, as shown by the Declaration of the authorized representative of Rosenthal &

27    Company, filed with the Application for Final Approval. The Class Administrator mailed the

28    approved Class Notice in the form and manner approved by the Court on or about _____,

**EXHIBIT D**

1  2008 to all class members. The Class Administrator received _____ class notices returned

2  from the United States Postal Service as undeliverable and, after the exercise of diligence

3  required by the Settlement Agreement, effected a single re-mailing for each such return if an

4  alternative address could be identified. Class members were provided an opportunity to opt-

5  out of the class, and _____ class members requested such exclusion from the class. In

6  addition _____ class members objected to this settlement. All class members, including

7  any objectors, have been given due notice and opportunity to be heard.

8        D.     The key terms of the Settlement Agreement include:

9        (1)    that Settlement Class Members will share a payment of $592,536.70 (the

10  "Class Settlement Funds");

11
12        (2)    that Defendant will pay $5,000 to Plaintiff Eliseo Navarrette in addition to his

13  recovery as a class member, in consideration of his service as class representative.

14        (3)    that Plaintiff may submit a claim for attorney's fees, costs and expenses not to

15  exceed $50,000; and,

16        (4)    that if any portion of the Class Settlement Funds cannot be distributed to class

17  members and/or checks are not cashed, the remaining amount will be used as *cy pres*, and will

18  be distributed in the following percentages to the following non-profit organizations: (1)

19  Watsonville Law Center (50%); and (2) Community Legal Services in East Palo Alto (50%).

20        E.     Notice to the Office of the Comptroller of the Currency was provided in

21  compliance with the Class Action Fairness Act, 28 U.S.C. § 1715, at least 90 days prior to the

22  date of this Order.

23

24  IT IS HEREBY ADJUDGED, ORDERED AND DECREED THAT:

25        1.    This Court has jurisdiction over the claims of the class members asserted in

26  this action, personal jurisdiction over the settling parties (including all class members), and

27  subject matter jurisdiction to approve the settlement as set forth in the Settlement Agreement

28  previously filed with the Court.               **EXHIBIT____**

2.    The Court grants the parties' joint request for final approval of the Settlement Agreement. The Court finds the settlement negotiations were conducted at arms-length and in good faith among counsel for Plaintiff and Defendant and that the terms of the Settlement Agreement are fair, reasonable, and adequate to Plaintiff and all members of the Class in light of the risk of establishing liability and damages, and the expense of further litigation.

3.    This Court finds that the applicable requirements of Rule 23 of the Federal Rules of Civil Procedure have been satisfied with respect to this Class Settlement and makes final its previously conditional certification of the Class.

4.    The notice given to the class members was reasonably calculated under the circumstances to apprise them of the pendency of this action, all material elements of the proposed settlement, and their opportunity to exclude themselves from, or object to, the settlement. The Court finds that the distribution of the Notice as provided for in the Preliminary Approval Order and the Settlement Agreement was reasonable, and constituted the best notice practicable under the circumstances to all persons within the definition of the Class, and fully met the requirements of Federal Rule of Civil Procedure 23, any and all substantive and procedural due process rights guaranteed by the United States Constitution, and any other applicable law.

5.    _____ members of the class requested to be excluded from this Class Settlement. These individuals are found to have properly excluded themselves from the Settlement Class; and this Order and Judgment shall not be binding on them.

6.    The class meets the predominance and superiority requirements. Common issues of fact and law predominate, and therefore the class action is superior to individual actions because of the relatively minor amount of statutory damages potentially recoverable per individual (i.e., up to $1000) and the substantial costs associated with litigating individual actions.

7.    Attorneys fees and costs are awarded to class counsel in the amount of $_____(not to exceed $50,000)



EXHIBIT ___D___

8.    The Settlement Agreement attached as Exhibit A is hereby adopted by this Court as the final Judgment in this case.

9.    Without affecting the finality of the Judgment, the Court shall retain jurisdiction of this case to enforce the terms of this Order and the Settlement Agreement.

DATE:_____

_____
Hon. James Ware
U.S. District Court Judge

EXHIBIT D

[Proposed] Final Approval Order